## THE STATE OF NEVADA, Appellant, *v.* JOSEPH STANLEY, Respondent.

PRESUMPTION IN FAVOR OF DISTRICT COURT. The exercise of the right in a district court to grant a new trial will be presumed to be correct and proper until affirmatively shown to be erroneous.

WHAT TRANSCRIPT ON APPEAL MUST SHOW. On appeal from an order granting a new trial in a criminal case, where a reversal is urged on the ground that there was no statement or bill of exceptions in the court below, the transcript must show affirmatively that there was no such statement or bill of exceptions.

CERTIFICATE OF CLERK TO TRANSCRIPT. The certificate of the clerk to a transcript on appeal, that no statement or bill of exceptions on a motion for new trial had been filed in his office, is not sufficient evidence that none was presented to the court below to authorize a reversal on that ground of an order granting a new trial.

THE SAME. There is no law authorizing the review of the action of a lower court upon the simple certificate of the clerk as to how or upon what evidence it acted.

FILING BILL OF EXCEPTIONS FOR NEW TRIAL. The failure to file a statement or bill of exceptions on motion for new trial in a criminal case would not justify a reversal of an order granting a new trial, the transcript not affirmatively showing that none was presented to the court.

AFFIDAVIT FOR NEW TRIAL IN CRIMINAL CASES. The first, second, third. and fourth grounds for new trial in criminal cases, under Sec. 428 of the Criminal Practice Act, may be presented simply by affidavit, without either statement or bill of exceptions.

EXCEPTIONS TO CHARGE IN CRIMINAL CASES. Under Sec. 426 of the Criminal Practice Act, the written charge and instructions of the court to the jury are deemed excepted to, and any questions made upon them may be reviewed on motion for new trial, without a formal bill of exceptions.

APPEAL from the District Court of the Third Judicial District, Washoe County.

The trial of the defendant in the Court below, for the alleged murder of David D. Caldwell, on September 22, 1867, at Glendale, in Washoe County, was conducted by William Webster, District Attorney, and Boardman and Kennedy for the prosecution, and by J. S. Pitzer and Wallace and Flack for the defense.

The certificate of the Clerk, referred to in the opinion, was filed subsequently to the transcript, and was as follows:

*State of Nevada, Washoe County. In District Court, Third Judicial District.*

STATE OF NEVADA ⎫
       *v.*     ⎬   INDICTMENT FOR MURDER.
JOSEPH STANLEY. ⎭

*State of Nevada, Washoe County, ss:*

I, Michael L. Yager, County Clerk of Washoe County, Nevada, and *ex officio* Clerk of the District Court of the Third Judicial District, do certify on honor:

1. That no bill of exceptions was filed in this cause by defendant herein during the progress of the trial, except those that appear in the Judge's minutes of testimony, nor at any time thereafter, except an exception to Court's denying motion in arrest of judgment, which is on the minutes of Court.

2. That no statement on motion for new trial has been filed in this cause by defendant herein, and that no statement on motion for new trial by defendant in said cause is now on file or of record in my office.

Witness my hand and the seal of said Court, this 26th day of March, A.D. 1868.

[SEAL.]          M. L. YAGER, Clerk.

*Robert M. Clarke*, Attorney General, for Appellant.

No bill of exceptions or statement on motion for new trial was taken, made, settled, agreed to or filed in the Court below; and the point of error taken and relied on by the State is, that the Court below erred in granting a new trial without a bill of exceptions or statement to base its action upon. Without a bill of exceptions or statement, the right to move is waived, and the Court is as powerless to grant a new trial as to enter a judgment without pleadings or confession.

The party complaining must take some action to save or confer jurisdiction on the Court, and must make some legal showing and present some record to the Court as to the basis of its action, which may be embodied in a record and presented to the appellate Court for review. It is in no sense like an appeal from a final judgment,

in which case the record goes up, and may be reviewed (in certain particulars) without a statement. On motion for new trial the parties make the record, and thus lay the foundation for the Court's action, and on appeal from the order of the Court, the record so made, together with the order of the Court, go to the appellate Court for review.

To hold that the District Judge may grant new trials without a bill of exceptions or statement on motion is in effect a denial of all appeal. Because the aggrieved party is denied all opportunity to make a correct record, or any record, and there being no record, it is impossible for the appellate Court to say that error intervened. Perhaps the Court below granted a new trial upon the ground that the verdict was against the evidence. Can this Court say this was or was not the ground? Can this Court enter the mind and heart of the Judge below, and there discover and then review the reason or motive that prompted the order? It seems clear that justice can be promoted and the law vindicated only by holding it error in the Court below to grant a new trial without a bill of exceptions or statement to base its order upon. (*Hill* v. *White*, 2 Cal. 307; *People* v. *Stonecifer*, 6 Cal. 411; *People* v. *Honshell*, 10 Cal. 86; *People* v. *Thompson*, 28 Cal. 218; *People* v. *Martin*, 32 Cal. 91; 1 Nev. 259, 507; 15 Cal. 198; 9 Cal. 277; 10 Cal. 480.) It is undeniably true that on appeal from a *judgment* in a criminal cause, the instructions form a part of the record on appeal, and may under certain circumstances be reviewed in the Court of appeals. But this admission in no sense reflects upon the question under consideration:

1. Because the statute makes the instructions in a criminal case part of the record on appeal from the judgment; and

2. Because the instructions have a direct and necessary bearing upon the judgment, whereas they may have had nothing whatever to do in producing the order granting a new trial.

It is only when, on an appeal from the judgment without a statement, the instructions are erroneous under any and every state of facts, that the appellate Court will review them, and then for the reason that it necessarily and conclusively follows that the Court erred to the prejudice of the appellant. (*People* v. *Levison*, 16

Cal. 98.) But this reason wholly fails, indeed is exactly reversed in its application in the case at bar. The instructions not having been presented in a bill of exceptions or statement, it cannot be said the Court erred in granting a new trial for errors in them, because it cannot be said they were assigned as error or presented to the Court for consideration.

For similar reasons it cannot be said the Court exercised a sound discretion in granting a new trial.

No brief on file for respondent.

By the Court, LEWIS, J.

The defendant was arraigned and tried upon an indictment for murder, and convicted of manslaughter ; but upon his application the Court below entered an order setting aside the verdict and granting a new trial, from which the State appeals, claiming that the order was erroneous, because not made upon a statement or bill of exceptions. This is the only point made .by the Attorney General, and is perhaps the only one which can be made upon the record, in the condition in which it comes before us. The position taken by the State and the argument on its behalf may be thus stated in brief. A new trial in a criminal case can only be granted upon an application by the defendant based upon a statement or bill of exceptions. No statement or bill of exceptions having been filed in this case, therefore the order granting a new trial was without authority, and should be set aside.

By Sec. 428 of the Criminal Practice Act the District Courts of this State may grant a new trial upon the application of the defendant in the following cases :

. " First, when the trial has been had in his absence, if the indictment be for felony. Second, when the jury has received evidence out of Court other than that resulting from a view, as provided in section three hundred and seventy-one. Third, when the jury had separated without leave of the Court, after retiring to deliberate upon their verdict, or been guilty of any misconduct tending to prevent a fair and due consideration of the case. .Fourth, when the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors. Fifth,

when the Court has misdirected the jury in a matter of law. Sixth, when a verdict is contrary to law or evidence."

The right to grant new trials being thus conferred upon the District Courts, its exercise by them in any particular case will be presumed to be correct and proper until the contrary is shown. The action or judgment of a Court of general jurisdiction cannot be set aside or reversed by an appellate tribunal until it is affirmatively shown to be erroneous or illegal. Whilst such Court acts within the province of its jurisdiction the law always indulges the presumption that its proceedings are correct and regular ; hence where an appeal is taken from a judgment rendered, or order made by it, the burden of establishing error is upon the appellant.

It is unnecessary for the respondent to make any showing whatever until the appellant has overcome the legal presumptions in favor of the regularity of the Court's action. The Court below having granted the defendant in this case a new trial, the burden of showing that it erred in doing so devolves upon the State, and the record must show, not a mere possible error—it must not be left to mere conjecture. And before everything else it must be satisfactorily shown that the Court did the act complained of. The State in this case must make a sufficient showing that the Court below had no statement or bill of exceptions upon which to base its order for new trial, before it will become necessary to determine whether either was necessary to enable it to make such order or not. The statute has provided the manner in which the action of the lower Court is to be brought up and authenticated on appeal— that is, by an agreed or settled statement, or by a bill of exceptions. Without either, the appellate Court cannot look beyond the judgment roll. The appellant in this case complains that the Court below granted a new trial without having before it a statement or bill of exceptions. But how is this Court to know that it had not ? The statutory method of bringing such a fact before the appellate Court is by statement. But no statement is brought before us in this case, and the only evidence we have that the order was made without a statement or bill of exceptions is the certificate of the clerk that none had been filed in his office. There is no law authorizing the review of the action of a lower Court upon the

simple certificate of the clerk as to how or upon what evidence it acted. Nor indeed does this certificate make a satisfactory showing that the Court had not a bill of exceptions or statement upon which to make the order complained of. True, the law requires them to be filed with the clerk. But if either were in fact presented to the Court, although not filed, the failure to file would not justify a reversal of the Court's order, even admitting a statement or bill of exceptions to be necessary to give the Court the authority to make the order. The certificate that neither has been filed is but the weakest possible evidence that none was presented to the Court and considered by it. If either was necessary to authorize the making of the order, the material fact upon which this Court should be satisfied is, that neither was presented to the Court, and not that neither was filed with the clerk. Either or both may have been prepared and produced upon the application, and the filing of them neglected. A statement agreed to by the parties, or certified to by the Judge who made the order, would be the best and only proper method of bringing the fact before this Court.

That a statement or bill of exceptions was necessary in this case to authorize the District Court to grant a new trial is, however, a mistake. When the ground upon which the new trial is granted is of a character that cannot properly be presented except in one of those methods, it is conceded that it should be so presented. But there are many cases in which a new trial may be granted simply upon affidavit, without either bill of exceptions or statement. The first, second, third, and fourth grounds, upon which the Court is authorized to grant a new trial, by Sec. 428, above referred to, cannot very well be presented except upon affidavit. Suppose the trial took place in the absence of the defendant, that fact would not be brought to the attention of the Court by any bill of exceptions, or statements; it could not very well be presented except by affidavit. But an affidavit showing such fact would strictly be neither a statement nor bill of exceptions. That a sufficient showing to warrant a new trial was not made to the Court by affidavit does not appear even by the certificate of the Clerk. How then can the order made by the Court be declared to be erroneous, and reversed ? The presumption is that the Court acted correctly ;

The State of Nevada *v.* Stanley.

no showing being made to the contrary, such action cannot be reversed.

But there is another reason why the order must be affirmed. Sec. 426 of the Criminal Practice Act provides that : " When any written charge has been presented and given or refused, the question or questions presented in such charge need not be excepted to, nor embodied in a bill of exceptions, but the written charge itself, with the indorsement showing the action of the Court, shall form part of the record, and any error in the decision of the Court thereon may be taken advantage of on appeal, in like manner as if presented in a bill of exceptions."

The record in this case contains the written charge of the Judge, with the proper indorsement upon it. Any questions therefore made upon it, or upon the instructions given or refused, may be reviewed without a formal bill of exceptions, and any material error in the charge, likely to prejudice the defendant, would make it the duty of the Court below to grant a new trial, without a statement or bill of exceptions being presented to it. We find some instructions in the record given by the Court, at the request of the prosecution, which under some character of proof would be erroneous. What the proof was we do not know, but as the Court below set aside the verdict, it may be presumed that the evidence was of such character as to make some of the instructions incorrect. At least the appellant, whose duty it was to affirmatively show that the Court below erred in granting a new trial, has not done so.

The order granting a new trial must therefore be affirmed.

BEATTY, C. J., did not participate in the above decision.