[No. 1934]

## THE STATE OF NEVADA, APPELLANT, v. ROBERT ORR, RESPONDENT.

1. CRIMINAL LAW — TRIAL — IMPROPER ARGUMENT OF DISTRICT ATTORNEY.

   The remarks of the district attorney in his argument that accused on trial for assault with intent to murder was a resident of the tenderloin district, and resided with a prostitute, are improper, when not justified by the evidence, and, where exception was taken at the time, the court, satisfied that the jury was prejudiced thereby, may grant a new trial.

2. IDEM—APPEAL—PRESUMPTIONS.

   An order granting a new trial for improper remarks of the district attorney in his argument will be affirmed, in the absence of a bill of exceptions showing error in the ruling.

3. IDEM—NEW TRIAL.

   The failure of counsel for accused to sign a motion for new trial made in open court by him on the written grounds stated in the motion is not material error.

4. IDEM—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.

   A motion for a new trial under Rev. Laws, 7234, authorizing a new trial on the ground that the verdict is contrary to law or evidence, may be determined without any bill of exceptions, or statement or affidavit.

5. IDEM—GRANTING A NEW TRIAL—APPEAL—RECORD.

   The state appealing from an order granting a new trial must present a bill of exceptions or statement on appeal to show wherein the order of the trial court was erroneous, or otherwise the verdict will be affirmed.

APPEAL from the Ninth Judicial District Court of the State of Nevada, White Pine County; *Thomas L. Mitchell,* Judge.

Robert Orr was convicted of assault with a deadly weapon with intent to do great bodily injury, and from an order granting new trial, the State appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Cleveland H. Baker,* Attorney-General, and *C. R. Reeves,* ex-District Attorney, for the State.

*C. A. Eddy,* for Respondent.

*Per Curiam:*

This is an appeal by the state from an order granting a new trial. The respondent, Orr, was indicted for the crime of assault with intent to kill. Upon his trial the jury returned a verdict of "guilty of assault with a deadly weapon, with intent to do great bodily injury." The attorney for the defendant thereupon moved for a new trial upon several grounds, all of which were overruled excepting the third ground assigned, which reads: "That one C. R. Reeves, district attorney of the County of White Pine and state aforesaid, who prosecuted this action on the behalf of the state, trespassed the rights of defendant in the argument of the cause to the jury, and made remarks which were prejudicial, and were calculated to influence and prejudice the minds of the jury." The district attorney excepted to the ruling of the court, and took an appeal from the order. So much of the bill of exceptions as is material to a determination of the question presented reads as follows: "The evidence established that George Fagan was cut with a knife by the defendant, he admitting the cutting and relied upon the grounds of self-defense to justify his acts. The evidence showed that the cutting took place in the Autumn Leaf Club, which is situated in the tenderloin district in the town of Ely, White Pine County, Nevada; that after the submission of the evidence in the case by the state and judge to consider the testimony which is to be relied on in support of it. In Stanley's case (4 Nev. 76), this proposition is 'conceded'; but it will be observed that the concession was made merely for the purposes of the argument in that opinion, and that the point was not so decided. It never has been so decided in this state, nor, according to our observation, in California. But the expression above adverted to, and perhaps some others that may be found in the Nevada reports, will always induce counsel in criminal cases to insist upon having the bill of exceptions settled preliminary to the motion for new trial, for fear an order sustaining the motion might be reversed upon the ground that it was made without

authority.   The result is that whenever one of the grounds
of the motion is that the verdict is contrary to the evi-
dence, as it was in this, and is in most cases, every par-
ticle of the evidence must go into the bill of exceptions,
and must be brought here with the rest of the record,
although in nine cases out of ten it is of no possible use
for the purposes of the appeal, but, on the contrary, is a
positive drawback.   *   *   *   We desire to call attention
to the fact that this court has not decided that a state-
ment or bill of exceptions must be settled before the
motion for new trial is made.   We think, on the contrary,
that a comparison of all the provisions of the practice act as
to the time when the motion for new trial must be made,
and the time allowed for settling the formal bill of excep-
tions which is to become a part of the record of the case,
will clearly show that the statute contemplates that in all
cases the bill of exceptions may, and in many cases it must,
be settled after the motion for new trial is decided.   Com-
pare sections 429, 444, 445, 436, 450, 423.   If it be asked
upon what would the judge act if he had no settled bill of
exceptions before him, we answer he acts upon affidavits
so far as they are necessary to present the grounds of
the motion, and, for the rest, upon his own observation
and recollection of the occurrences of the trial, including
the exceptions noted.   The record of the trial, according
to the old books, is in the breast of the judge during the
term, and a motion for a new trial in a criminal case is
always made during the term.   For the purposes of the
motion, therefore, the recollection of the judge is record
enough of all that transpired within his observation, and
which he can properly state in a bill of exceptions.   When
the motion has been granted or refused, it is then the
proper time to except to the order and to settle a bill of
exceptions which will present those points only which
are to be reviewed in the appellate court.   In fact, the
only proper office of a formal bill of exceptions is to get
the matter on the record for the purposes of review in
the appellate court.   The advantages of following the
practice here indicated would, we think, be manifold.   In

the first place, if counsel were allowed ample time for the preparation of their bill of exceptions, they would satisfy themselves of the inutility of including many things, which, when hurried, they put in by way of precaution merely. It is easier and safer to dump in the whole proceedings of the trial, ore and waste together, than it is to sort and arrange in a hurry. In the next place, the argument of the motion for new trial often develops many points of agreement between the prosecution and defense, and either leads to the abandonment of points, or renders it possible to present the law question on the record in the briefest possible terms." (*State* v. *Huff*, 11 Nev. 23.)

A part of the California cases cited in the brief of the attorney-general in the Stanley case are civil actions under a section of the civil practice act of California which required a bill of exceptions or statement under certain conditions before a motion for a new trial was determined, and part of those cases hold that a bill of exceptions is necessary to bring certain errors before the supreme court for review in criminal cases—a different question from the one as to whether a bill of exceptions is required before disposition of a motion for a new trial. Formerly our civil practice act provided for a statement on motion for a new trial before the determination of a motion for a new trial on certain grounds (Comp. Laws, 3292), and the taking of a bill of exceptions during the trial was optional (Comp. Laws, 3860); but under the new code (Rev. Laws, 5321), which became effective the first of this year, motions for a new trial in civil cases on the ground of excessive damages, or if the decision is against law or the evidence, or for error in law occurring at the trial, may be determined without the preparation of any bill of exceptions, statement, or affidavit; and hereafter motions for new trial on the ground that the verdict is contrary to the law or evidence, or that the court erred in the decision of any question of law, may be determined in both civil and criminal cases without any bill of exceptions, statement, or affidavit being presented. The Supreme Court of California has held, under a statute

similar to ours, that it is not necessary for the defendant in a criminal case to have a bill of exceptions or statement prepared before making a motion for a new trial, and that in presenting the motion without a bill of exceptions or statement the defendant does not waive the right to have a bill of exceptions settled after the motion is determined, but is entitled for use on appeal to a record of so much of the evidence and proceedings had on the trial as may be necessary to explain the grounds of the motion. (*People* v. *Ah Yute,* 56 Cal. 119; *People* v. *Keyser,* 53 Cal. 183; *People* v. *Fischer,* 51 Cal. 319.)

The state being appellant in this case, the motion for a new trial having been granted by the district court without any bill of exceptions or statement having been filed, and the presumption being in favor of the action of the district court, it became necessary for appellant to present a bill of exceptions or statement on appeal showing wherein the order of the district court was erroneous. As the bill of exceptions on appeal does not show that there was evidence to justify the statement made by the district attorney before the jury, or that no exception was taken to the remarks of the district attorney at the time they were made, the presumption follows that the remarks for the making of which the district judge granted a new trial were not supported by the evidence, were excepted to, and were prejudicial to the defendant. If, instead of granting, the court had overruled the motion for a new trial, and the defendant had appealed from the order instead of the state, it would be incumbent upon the defendant as appellant to present to this court a bill of exceptions stating facts which would overcome the presumption in favor of the correctness of the order and showing error by the district court in overruling the motion for a new trial on the ground stated. The new criminal and civil practice acts (Rev. Laws, 7235, 5321) provide specifically that motions for a new trial upon the first four designated grounds must be based upon affidavit.

The order from which the appeal is taken is affirmed.