[No. 1939]

THE STATE OF NEVADA, APPELLANT v. FRANK BAUER, RESPONDENT.

1. CRIMINAL LAW—NEW TRIAL—INSUFFICIENCY OF EVIDENCE—REVIEW.

An order granting accused a new trial for insufficiency of evidence to support a conviction will not be disturbed on appeal, except in case of abuse of discretion.

2. IDEM—NEW TRIAL—BILL OF EXCEPTIONS.

A motion for a new trial may be heard by the trial court without a bill of exceptions, statement, or affidavit, when it is based on matters which transpired before, and are within the knowledge of the court.

APPEAL from the Ninth Judicial District Court of the State of Nevada, White Pine County; *Thomas L. Mitchell,* Judge.

Frank Bauer was convicted of burglary, and from an order granting a new trial the State appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Cleveland H. Baker,* Attorney-General, and *C. R. Reeves,* ex-District Attorney for the State.

*A. L. Haight,* for Respondent.

*Per Curiam:*

This is an appeal by the state from an order granting the defendant a new trial after a verdict of guilty of burglary. The motion was made upon several grounds, and was granted upon the two that the verdict is contrary to law and contrary to the evidence. The evidence in the case was circumstantial, and in some respects may

be said to be conflicting. The trial judge heard the testimony, and had an opportunity to observe the witnesses.

A certain amount of discretion is reposed in the trial court in the matter of granting or refusing new trials, and, where a new trial is granted upon the ground of insufficiency of the evidence to support the verdict, the action of the trial court will not be disturbed except in case of an abuse of discretion. We cannot say from the record that there was such an abuse of discretion. (*State* v. *Stanley*, 4 Nev. 71; *Worthing* v. *Cutts*, 8 Nev. 121; *Treadway* v. *Wilder*, 9 Nev. 70; *Golden* v. *Murphy*, 27 Nev. 379.) The statute provides that not more than two new trials shall be granted for the cause that the verdict is contrary to law or evidence. (Comp. Laws, 4393; Rev. Laws, 7234.)

It is also claimed that the order granting the new trial was improperly made because at the time it was presented no bill of exceptions, statement, or affidavit had been filed on which it could be based. In the opinion this day filed in the case of *State* v. *Orr*, 34 Nev. 297, we have considered this question at length, and have held that the court may determine the motion for a new trial in a criminal case without the presentation of a bill of exceptions, statement, or affidavit when the order is based upon matters which transpired before, and are in the knowledge of the court.

The order appealed from is affirmed.