THE STATE OF NEVADA, Petitioner, v. THE HONORABLE THOMAS J. O'DONNELL, District Judge, Eighth Judicial District Court of the State of Nevada; and DONALD J. BOWEN, Defendant, Respondents.

No. 14010

June 25, 1982                                      646 P.2d 1217

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Petitioner.

*David Abbatangelo,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This petition for a writ of mandamus challenges the respondent district court's order dismissing the criminal complaint against defendant Donald J. Bowen, real party in interest.[1]

On January 6, 1982, Bowen was convicted in justice's court of disturbing the peace. Bowen thereafter appealed his conviction to the district court. On March 1, 1982, the district judge dismissed the complaint and charges against Bowen, with prejudice, on the ground that the justice's court had failed to transcribe and transfer the record of the original proceedings

---

[1]We note that respondent did not file an answer against issuance of a writ as ordered by this court. Despite this dereliction, we review the merits of the petition pursuant to NRS 34.200 and NRS 34.260.

against Bowen within the ten days prescribed by NRS 189.030.[2] The district judge reasoned that the district attorney's office had the responsibility to see that Bowen's appeal proceeded in accordance with the law, and that to ignore the ten-day time limit set forth in NRS 189.030 exhibited a procedural laxity which warranted dismissal of the charges against the defendant.

In most appeals, the burden is not on the respondent to insure that the record is filed or to otherwise perfect the appeal. *See, e.g.,* NRAP 12(c); NRS 189.065. We have found no case or statutory authority to support the reasoning of the district judge that the prosecutor's office had the responsibility to see that the record on Bowen's appeal was timely filed with the district court.

We hold that the late filing of the transcript by the justice's court does not warrant dismissal of the underlying criminal charges against the defendant. Accordingly, we grant the writ of mandamus and direct the district court to vacate its order dismissing the criminal complaint and charges against Bowen. The district court shall proceed with the merits of Bowen's appeal.

---

[2]NRS 189.030 provides in pertinent part:

1.  The justice *shall, within 10 days after the notice of appeal is filed, transmit to the clerk of the district court the transcript of the case,* all other papers relating to the case and a certified copy of his docket. (Emphasis added.)

2.  The justice shall give notice to the appellant or his attorney that the transcript and all other papers relating to the case have been filed with the clerk of the district court.