THOMAS EDWARD BRAHAM, PETITIONER, *v.* FOURTH JUDICIAL DISTRICT COURT, HONORABLE JOSEPH O. McDANIEL, JUDGE, RESPONDENT.

No. 18048

December 31, 1987                     747 P.2d 1390

*Thomas L. Stringfield,* Elko, for Petitioner.

*Brian McKay,* Attorney General, Carson City; *Mark D. Torvinen,* District Attorney, Elko County, for Respondent.

# OPINION

By the Court, YOUNG, J.:

On August 10, 1985, Thomas Braham was arrested for driving under the influence on the Lamoille Highway near Elko, Nevada. He refused to take a breath or blood test. At that time, Braham was given a notice of revocation of his driving privilege, which he appealed. The hearing officer told Braham that he would give a written decision in a few days. The notice of revocation was sent to Braham via certified mail and arrived in the Elko County post office on or before April 29, 1986. A return receipt notice was allegedly placed in Braham's mailbox on April 29, 1986, and May 5, 1986. The letter was not picked up, and the post office returned the letter to the Department of Motor Vehicles (DMV) on May 14, 1986. Braham and his wife testified that they did not receive the notice. On May 7, 1986, Braham was stopped and informed that his driver's license had been revoked and that he should not drive any further after reaching work. Braham was charged with driving with a revoked driver's license. He was found guilty in justice court and sentenced to serve 30 days in jail, the mandatory minimum sentence imposed for violation of NRS 483.560. The district court affirmed. The district court found that the notice requirement of NRS 484.385 was met when the DMV deposited the notice of revocation in the mail.

A petition for a writ of certiorari may be granted at the discretion of the court. Schumacher v. District Court, 77 Nev. 408, 365 P.2d 646 (1961). We find that Braham has no adequate remedy at law and that Braham's petition for a writ of certiorari is

appropriately before this court. NRS 24.020 *See* Zamarripa v. District Court, 103 Nev. 638, 747 P.2d 1386 (1987).

Braham contends, among other things, that the revocation of his license by the DMV did not become effective prior to his arrest on May 7, 1986. Consequently, he contends that his arrest was premature. We agree. NRS 484.385(3) provides:

> The department, upon receipt of such a certificate for which an order of revocation has not been served, after examining the certificate and copy of the result of the chemical test, if any, and finding that revocation is proper, shall issue an order revoking the person's license, permit or privilege to drive by mailing the order to the person at his last known address. The order must indicate the grounds for the revocation and the period during which the person is not eligible for a license, permit or privilege to drive and state that the person has a right to administrative and judicial review of the revocation and to have a temporary license. The order of revocation becomes effective 5 days after mailing.

We also note that NRS 178.482 provides:

> Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon him and the notice or other paper is served upon him by mail, 3 days shall be added to the prescribed period.

We find no expression of legislative intent leading us to construe NRS 484.385(3) as insulated from the general provision of NRS 178.482. Consequently, we hold that NRS 484.385(3), in conjunction with NRS 178.482, provides that if the order of revocation is served by mail, the revocation becomes effective eight days after mailing. *Cf.* Hardin v. Jones, 102 Nev. 469, 727 P.2d 551 (1986) (although NRS 612.495(1) requires filing of administrative appeal within ten days from the date of mailing of the notice of determination, NRCP 6(e) applies to provide an additional three days because the notice of the agency's determination was mailed).

The postmark on the order of revocation sent to Braham was illegible; however, the letter identified April 29, 1986, as the date of the first attempt to place a notice in Braham's mailbox. This date was used to prove that Braham violated NRS 483.560 when he drove on May 7, 1986.

Because the DMV attempted to notify Braham by mail, the order of revocation could not become effective until eight days

after mailing. NRS 484.385(3) and NRS 178.482. Braham was arrested on May 7, 1986, on the eighth day after the mailing of the notice. Because the order of revocation was not effective until the following day, May 8, 1986, his arrest on May 7, 1986, was premature. Therefore, the judgment of conviction cannot stand.

Braham claims that the district court erroneously required him to pay for a transcript of the justice's court proceeding. Concerning appeals from justice to district court, NRS 189.030(1) provides: "The justice shall, within 10 days after the notice of appeal is filed, transmit to the clerk of the district court the transcript of the case, all other papers relating to the case and a certified copy of his docket." However, NRS 4.410(2) provides; "The fees for transcripts and copies [of justice's court proceedings] must be paid by the party ordering them. In a civil case the preparation of the transcript need not commence until the fees have been deposited with the deputy clerk of the court."

The lower court did not err by requiring Braham to pay for the justice's court trial transcript. NRS 189.030(1) establishes the time frame for transmitting transcripts of appealed cases. It says nothing about costs. NRS 4.410(2) establishes who pays for the transcript. Therefore, when a justice's court decision is appealed, the justice of the peace sends the case to the district court within ten days and costs of transmission can properly be assessed to the non-indigent appellant.[1]

We hold that NRS 484.385(3), in conjunction with NRS 178.482, provides that an order of revocation becomes effective eight days after mailing. Braham was arrested while driving prior to the effective date of revocation. His conviction, therefore, must be vacated. Accordingly, we grant the petition for a writ of certiorari. The clerk of this court shall issue a writ of certiorari, forthwith, directing the respondent district court to vacate the conviction and issue a new judgment consistent with this opinion.

GUNDERSON, C. J., and STEFFEN, SPRINGER, and MOWBRAY, JJ., concur.

---

[1] We express no opinion as to whether petitioner, as a prevailing party in this court, may recover the cost of the transcript in the district court. *Cf.* NRAP 39(e) (costs on appeal taxable in the district courts).