An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DON CLAUSEN; AND KIM BLANDINO,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
CITY OF LAS VEGAS,
Real Party in Interest.

No. 69302

**FILED**

DEC 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is a pro se petition for a writ of extraordinary relief.[1]

*Petitioner Don Clausen*

Clausen asserts that the district court refused to consider the merits of a motion to dismiss the complaint filed pursuant to NRS 189.070 and erroneously instructed Clausen to file a brief in his misdemeanor appeal. Clausen seeks an order directing the district court to consider the merits of his motion or requests this court to consider the merits in the first instance. Clausen further complains that he was required to pay for transcripts in order to prosecute his misdemeanor appeal and that the district court has erroneously looked to guidance from the Nevada Rules of

---

[1]We deny the motion for stay.

15-38398

Appellate Procedure in determining the procedures for prosecuting a misdemeanor appeal. Finally, Clausen seeks an order referring Judge Bare to the judicial discipline commission.

We have reviewed the documents submitted in this matter, and without deciding upon the merits of any claims raised therein, we decline to exercise original jurisdiction in this matter. *See* NRS 34.160; NRS 34.170; NRS 34.320; NRS 34.330; NRS 34.020. It does not appear from the documents before this court that a written order has been entered regarding the motion to dismiss complaint and the basis for the district court's decision is unclear. Thus, we cannot say that the district court erred in denying the motion.[2] Although Clausen is correct that NRS 189.030 requires the lower court to transmit the transcripts, NRS 189.030 does not address the costs of the transcripts. The costs of the transcripts may be assessed to a nonindigent appellant. *See* NRS 4.410(2) (providing that the fees for transcripts and copies of proceedings in the justice courts must be paid by the party ordering them); NRS 5.073(1) (providing that the practice and proceedings of the municipal courts conform, as nearly as practicable, to the practice and proceedings in the justice courts); *Braham v. Fourth Judicial Dist. Court*, 103 Nev. 644, 647, 747 P.2d 1390, 1392 (1987) (holding that "when a justice's court decision is appealed, the justice of the peace sends the case to the district court within ten days and

---

[2]It does not appear from this court's review of the documents submitted that Clausen's motion to dismiss the complaint raised a jurisdictional claim; rather Clausen appears to have challenged an alleged pleading defect.

costs of transmission can properly be assessed to the non-indigent appellant"). Nothing precludes the district court from looking to the NRAP for guidance in facilitating the processing of misdemeanor appeals. Finally, Clausen's arguments regarding Judge Bare are inappropriately raised in a petition for extraordinary relief in this court, *see* NRS 1.4655(1) (providing that the Commission may begin an inquiry based upon a complaint), and appear to be made with the intent to harass and vex the judge as there does not appear to be any basis in fact for the challenges to the judge's mental faculties. Clausen is cautioned that he may be sanctioned in the future if he makes accusations of this nature that do not have any supporting facts or if he raises claims for an improper purpose.

*Petitioner Kim Blandino*

It is not entirely clear from the pleadings before this court if Blandino is asserting the same claims for relief as Clausen as the petition does not adequately distinguish the arguments applicable to each petitioner. To the extent that Blandino is raising the same claims for relief as Clausen, we decline to exercise original jurisdiction for the same reasons set forth above with the exception of the claim relating to NRS 189.070 and any claims regarding transcripts. *See* NRS 34.160; NRS 34.170; NRS 34.320; NRS 34.330; NRS 34.020. Regarding NRS 189.070, it does not appear that Blandino's challenge is ripe as the documents before this court do not indicate that he has filed a motion to dismiss the complaint or has been denied consideration of the motion and his appeal remains pending before Judge Miley. We cannot evaluate any claims relating to transcripts as Blandino has failed to provide any documents supporting this claim. Blandino is further cautioned that he may be

sanctioned in the future if he makes accusations of the type raised in this petition that do not have any supporting facts or if he raises claims for an improper purpose. Accordingly, we

ORDER the petition DENIED.[3]

_____, C.J.
Hardesty

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Robert Bare, District Judge
Hon. Stefany Miley, District Judge
Don Clausen
Kim Blandino
Las Vegas City Attorney/Criminal Division
Eighth District Court Clerk

---

[3]We decline to consider and reject petitioners' claims on behalf of individuals who have not signed or submitted petitions to this court themselves.