**132 Nev., Advance Opinion 43**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAWRENCE SPARKS,<br>Petitioner,<br>vs.<br>THE HONORABLE ROB BARE,<br>DISTRICT JUDGE, EIGHTH JUDICIAL<br>DISTRICT COURT; STEVEN<br>GRIERSON, CLERK OF THE EIGHTH<br>JUDICIAL DISTRICT COURT;<br>HENDERSON CLERK OF THE<br>MUNICIPAL COURT; AND THE<br>HONORABLE MARK STEVENS,<br>Respondents,<br>and<br>CITY OF HENDERSON,<br>Real Party in Interest. | No. 69073 |



FILED

JUN 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original pro se petition for a writ of mandamus, writ of prohibition, and writ of certiorari.

*Petition denied.*

Lawrence Sparks, Henderson,
in Pro Se.

Adam Paul Laxalt, Attorney General, Carson City,
for Respondents.

Josh M. Reid, City Attorney, and Laurie A. Iscan, Assistant City Attorney, Henderson,
for Real Party in Interest.

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

16-18838

*OPINION*

By the Court, PICKERING, J.:

NRS 189.030(1) provides that, after a notice of appeal is filed, a municipal court has ten days to "transmit to the clerk of the district court the transcript of the case [and] all other papers relating to the case [along with] a certified copy of the docket." In this original proceeding, we are asked to decide whether NRS 189.030(1) confers a duty on a municipal court, rather than a misdemeanor appellant, to provide a transcript for a defendant's misdemeanor appeal and whether a district court may dismiss an appeal for an appellant's failure to obtain transcripts from the municipal court. We hold that a misdemeanor appellant is responsible for requesting transcripts and, if not indigent, paying for those transcripts. We further hold that the district court has the inherent authority to dismiss a misdemeanor appeal where the appellant fails to prosecute an appeal or comply with the court's orders. Although the district court has that authority, dismissal is an extreme remedy, and therefore, the better practice is to allow the appeal to proceed and to decide the case based upon the documents submitted and any briefs filed. Because the district court in this case acted within its jurisdiction and did not exercise its discretion in an arbitrary or capricious manner, we deny the petition.

I.

Petitioner Lawrence Sparks was convicted in municipal court of failing to stop his vehicle at a stop sign, a misdemeanor offense. He appealed the conviction to the district court on April 8, 2015. Less than ten days later, the municipal court transmitted the record of its proceedings to the district court, which did not include a transcript of the trial. At the initial hearing on the appeal in May 2015, the district court

gave Sparks the name and phone number of a transcriptionist to prepare the transcripts for the appeal. The matter was set for a status check in July 2015. Before the status check, Sparks filed a document labeled "notice of perfection of appeal," in which he argued that he was not required to obtain the transcripts pursuant to NRS 189.030. At the status hearing on July 22, 2015, the district court advised Sparks he was required to obtain the transcripts and indicated that it would continue the matter to a later time. About a week later, the City of Henderson filed a motion to dismiss the appeal because Sparks had not obtained the transcripts. After Sparks confirmed that he had not obtained the transcripts, the district court granted the City's motion to dismiss the appeal. Sparks then filed this petition challenging the district court's order.

## II.

Sparks seeks writs requiring the municipal court to provide the transcripts for his misdemeanor appeal and prohibiting the district court from requiring a misdemeanor appellant to obtain and pay for transcripts. Sparks further seeks a writ directing the district court to reinstate his appeal because the district court acted arbitrarily and capriciously in dismissing his appeal based on his failure to obtain transcripts and a writ prohibiting the district court from dismissing an appeal based on the appellant's failure to obtain transcripts.[1]

---

[1]Sparks raises a number of other claims challenging his misdemeanor conviction and the proceedings below. We decline to consider them. *See* NRS 34.020; NRS 34.160; NRS 34.170; NRS 34.320; NRS 34.330.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnotes omitted); *see also* NRS 34.160. A writ of prohibition may issue when a district court acts without or in excess of its jurisdiction. *See* NRS 34.320. Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

The Nevada Constitution vests the district courts with final appellate jurisdiction in all cases arising in the municipal court. *Tripp v. City of Sparks*, 92 Nev. 362, 363, 550 P.2d 419, 419 (1976); *see* Nev. Const. art. 6, § 6. As a general rule, this court has "declined to entertain writs that request review of a decision of the district court acting in its appellate capacity unless the district court has improperly refused to exercise its jurisdiction, has exceeded its jurisdiction, or has exercised its discretion in an arbitrary or capricious manner." *State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 134, 994 P.2d 692, 696 (2000). An arbitrary or capricious exercise of discretion is "one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal citation and quotation marks omitted).

A.

Sparks argues that the duty of requesting and providing transcripts for his misdemeanor appeal rests with the municipal court pursuant to NRS 189.030. Sparks further argues that the district court should be prohibited from requiring him to obtain and pay for the transcripts for his appeal. These issues involve statutory interpretation, which we review de novo even in the context of a writ petition. *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 86, 312 P.3d 491, 498 (2013).

When an appeal is taken from the judgment of a municipal court that is a court of record, the district court decides the appeal on the municipal court record.[2] *See* NRS 5.073(1) (providing that "municipal court must be treated and considered as a justice court whenever the proceedings thereof are called into question" and that an appeal "transfers the action to the district court for trial anew, unless the municipal court is designated as a court of record"); NRS 189.050 ("An appeal duly perfected transfers the action [from justice court] to the district court to be judged on the record."). In such an appeal, NRS 189.030(1) provides that the municipal court shall "transmit to the clerk of the district court the transcript of the case, all other papers relating to the case and a certified copy of the docket" within ten days after the notice of appeal is filed. Sparks reads this provision as requiring the municipal court to order the preparation of transcripts of its proceedings in the case. Sparks further reasons that if the statute does not require him to request transcripts, then he is not required to pay for the transcripts. We disagree.

---

[2]The Henderson Municipal Court is a court of record. *See* Henderson, Nev., Mun. Code § 2.06.010 (2014).

 

NRS 189.030 does nothing more than require the municipal court to transmit its record, including any transcripts, within a specified time after the notice of appeal is filed. NRS 189.030 does not expressly require the municipal court to order the preparation of transcripts that are not already part of the municipal court record.[3] And absent such a statutory requirement, the district court is not precluded by law from requiring the appellant to request transcripts that are not part of the trial court record at the time the notice of appeal is filed.[4]

Practical considerations provide further support for our reading of NRS 189.030. It would be difficult, if not impossible, for the municipal court to have hearings transcribed and transmitted to the district court within the ten days allocated in NRS 189.030(1). More importantly, the transcripts necessary for appellate review will be determined by the issues the appellant wishes to raise on appeal, and only

[3]We reject any reading of this court's decision in *State v. O'Donnell*, 98 Nev. 305, 646 P.2d 1217 (1982), as requiring the municipal court to order the preparation of transcripts for a misdemeanor appeal. *O'Donnell* merely holds that "the late filing of the transcript by the justice's court does not warrant [the district court's] dismissal of the underlying criminal charges against the defendant" on appeal from the justice court judgment, *id.* at 306, 646 P.2d at 1218; it does not address the issues presented in this case.

[4]This understanding of NRS 189.030 and the district court's authority is consistent with the procedure followed in the First Judicial District Court with respect to appeals of criminal matters from justice and municipal court. *See* FJDCR 33(2) ("At the time of filing of the Notice of Appeal, the appellant shall file a request with the Justice Court or Municipal Court that proceedings be transcribed."). It also is consistent with our own appellate rules, *see* NRAP 9(a)(1)(B), which may provide guidance to the district courts even though they are not binding on the district courts acting in their appellate capacity, *see* NRAP 1(a).

the appellant knows what the issues will be. Thus, it makes sense to place the burden of requesting transcripts that are not already in the municipal court record on the appellant. Further, because the costs of transcripts may be assessed to a nonindigent misdemeanor appellant, *see Braham v. Fourth Judicial Dist. Court*, 103 Nev. 644, 647, 747 P.2d 1390, 1392 (1987), it is reasonable to require the appellant to designate the transcripts necessary for the appeal so that the appellant may control the costs of the appeal.[5]

Because the municipal court did not have a duty to order the preparation of the transcripts for Sparks' misdemeanor appeal and the district court may require a nonindigent misdemeanor appellant to obtain and pay for transcripts for a misdemeanor appeal, we conclude that extraordinary relief is not warranted.[6]

B.

Sparks argues that the district court should decide misdemeanor appeals on the merits and that the district court acted arbitrarily and capriciously in dismissing his appeal because he failed to obtain the transcripts. The City of Henderson argues that dismissal is an appropriate sanction when a misdemeanor appellant fails to obtain transcripts after being directed to do so.

---

[5]The costs of transcripts may not be assessed to an indigent appellant, although an appellant who is indigent still bears the burden of requesting transcripts for a misdemeanor appeal.

[6]There has been no allegation that Sparks is indigent.

The statutory provisions relating to misdemeanor appeals in NRS Chapter 189 do not expressly address dismissal of an appeal for the failure to obtain transcripts. *Cf.* NRS 189.060(1)(a), (b) (providing that a misdemeanor appeal may be dismissed for "failure to take the same in time" and for "failure to appear in the district court when required"); NRS 189.065(1) (requiring dismissal if an appeal is not perfected by application by the appellant within 60 days after the filing of the notice of appeal to have the appeal set for a hearing). We have recognized, however, the court's power to dismiss an appeal outside of any statutory authority. For instance, this court's appellate rules recognize the authority of the appellate court to dismiss an appeal if the parties fail to comply with this court's rules regarding transcripts. *See* NRAP 9(a)(7). Such authority derives from the court's inherent authority, which includes those powers "which 'are necessary to the exercise of all others.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (quoting *United States v. Hudson*, 11 U.S. 32, 34 (1812)). A court exercising its appellate jurisdiction must be able to require the orderly and timely processing of appeals with rules and sanctions for the failure to follow those rules. And while not specifically addressing the appellate jurisdiction of the court, this court has recognized the district court's inherent "power to dismiss a case for failure to prosecute or to comply with its orders . . . within the bounds of sound judicial discretion, independent of any authority granted under statutes or court rules." *Moore v. Cherry*, 90 Nev. 390, 393, 528 P.2d 1018, 1020 (1974). We conclude that the inherent authority of the district court acting in its appellate jurisdiction permits the court to dismiss an appeal for failure to prosecute or comply with the court's orders, including the failure to comply with an order to obtain transcripts for the appeal.

(O) 1947A

Although the district court exercising its appellate jurisdiction has the inherent authority to dismiss an appeal for the failure to prosecute or comply with the court's orders, this power should be exercised circumspectly. Inherent powers, "[b]ecause of their very potency, . . . must be exercised with restraint and discretion" and a "primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). The failure to obtain transcripts for the court's review undoubtedly presents an obstacle to the court's ability to efficiently process an appeal and to consider the merits of an appeal. But dismissal of an appeal is an extreme remedy. A more appropriate sanction for the failure to obtain transcripts in most circumstances would be to allow the misdemeanor appellant to proceed with the appeal and bear the risk that the court will reject any arguments on appeal that are not supported by the record transmitted by the trial court. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."); *State v. Stanley*, 4 Nev. 71, 75 (1868) ("[T]he burden of establishing error is upon the appellant.").

In this case, Sparks disregarded the district court's repeated directions to obtain the transcripts, and this resulted in his failure to prosecute his appeal. The district court's decision to dismiss Sparks' appeal was not founded on prejudice or preference, nor was it contrary to established law. *See Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780. Accordingly, we conclude that the district court did not act arbitrarily and

capriciously in dismissing Sparks' appeal and therefore extraordinary relief is not warranted.[7]

_____ , J.
Pickering

We concur:

_____ , J.
Hardesty

_____ , J.
Saitta

---

[7]We deny Sparks' motions to file a reply and for leave to file additional pro se documents.

SUPREME COURT
OF
NEVADA

(O) 1947A