The **STATE of Oklahoma, Appellant,**

v.

**Isaac Bingham DE VILLIERS, Appellee.**

No. 0–79–663.

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1981.

Kay E. Huff, Dist. Atty., Norman, Rollie Peterson, Legal Intern, Cleveland County, for appellant.

W. Rodney De Villiers, Sr., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

The State of Oklahoma has appealed on a reserved question of law from an order of the District Court of Cleveland County, sustaining the appellee's demurrer to the State's evidence at the trial of Cleveland County Case No. CRF–79–195. The question is what evidence is needed to establish a prima facie case of knowingly selling an alcoholic beverage to a minor.

The basis of the trial court's dismissal was the State's alleged failure to show that the appellee knew his customer was a minor. He ruled that the State was required to prove the appellee had actual knowledge that his customer was too young. The evidence presented was that the Norman Police Department recruited a juvenile to go to various stores to attempt to buy alcoholic beverages. He was successful in the appellee's store, where the appellee sold him a bottle of whiskey without asking for any proof of age.

In *Kyle v. State*, 366 P.2d 961 (Okl.Cr. 1961), this Court said that a seller of alcoholic beverages has a duty to exercise normal powers of observation and draw reasonable conclusions from what he or she sees and hears. *Kyle* dealt with selling an alcoholic beverage to an intoxicated person, but the principle is the same with selling to minors: a merchant cannot blindly sell alcoholic beverages to anyone who offers him money. If a person appears young, the seller is obligated to inquire about age.

In some cases it will be a question of fact whether the seller should have asked the person about his or her age, and it will be up to the jury to decide. The appellee claims that the juvenile looked older than his age, but that is irrelevant to the issue before this Court.

The district court erred in ruling that the State had to prove the appellant had actual knowledge of his customer's age. It would have been sufficient to show that under the circumstances a reasonable person would have inquired as to his customer's age, and that he failed to do so.

BUSSEY and CORNISH, JJ., concur.