PETER H. McCHARLES, Appellant, *v.* STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Respondent.

No. 14431

December 19, 1983                    673 P.2d 488

*Richard W. Young,* Reno, for Appellant.

*Brian McKay,* Attorney General, *Larry Bernard,* Deputy Attorney General, *Steven F. Stucker,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

The appellant, Peter H. McCharles, was arrested for driving under the influence of alcohol after an officer of the Spark's Police Department observed him driving erratically through the streets of a predominantly industrial area at four o'clock in the morning. After McCharles failed a field sobriety test, he was placed under arrest, and Nevada's implied consent law was explained to him. McCharles demanded to speak to an attorney. The officer explained that the law did not provide for the right to consult an attorney at this time and, once more, began explaining in detail Nevada's implied consent law.

After McCharles was transported to the Spark's City Jail,

the arresting officer made at least two more attempts to explain the law to him. Nevertheless, McCharles maintained his combative attitude, requesting to consult with an attorney before submitting to any of the chemical sobriety tests required by the implied consent law.

The Department of Motor Vehicles suspended McCharles' driving privileges based on a finding that he refused to submit to a chemical test. *See* NRS 484.385. The district court affirmed the suspension, and McCharles has appealed from the district court's ruling.

The issue presented in this case is whether an individual arrested for driving under the influence of alcohol has the right to speak to an attorney prior to submitting to chemical tests required by Nevada's implied consent law. The answer is an unequivocal ''No.''

The legislature has made it clear that the drunk driver is not wanted on the roads and highways in the State of Nevada. Driving in this state is a privilege which is not granted as a matter of course to all who have the physical ability to climb behind the wheel of a car, but is extended only to those who are qualified to operate a motor vehicle safely.

Under Nevada's implied consent law, the privilege of operating a vehicle in Nevada is conditioned upon the driver's consent to submit to a chemical sobriety test. Under NRS 484.383(1), an individual ''who drives a vehicle upon a highway in this state shall be deemed to have given his consent to a chemical test of his blood, urine, breath, or other bodily substance for the purpose of determining the alcoholic content of his blood or the presence of a controlled substance. . . .'' The driver's consent to submit to a chemical test is absolute and may not be revoked or conditioned upon consultation with an attorney once the driver finds himself or herself confronted by the police. Since the physical effects of alcohol diminish with the passage of time, it is apparent that the nature of a chemical sobriety test demands that it should be administered as soon as possible after the individual has been stopped on the road and placed under arrest.

We are not convinced that McCharles' constitutional rights will be impaired if he were required to submit to a chemical test before he is allowed to consult with an attorney. Such tests are not ''critical stages'' within the meaning of the sixth amendment of the United States Constitution since the absence of McCharles' counsel during the test will not affect his right to a

834

fair trial. *See* United States v. Wade, 388 U.S. 218 (1967). The accuracy of the tests may be established after the test has been given and the driver allowed to contact his attorney. Moreover, since the driver has already impliedly consented to submit to the test by driving in Nevada, an attorney could not properly have advised the driver that he has the right to refuse.

Neither are McCharles' fifth amendment rights impaired. The decision in Miranda v. Arizona, 384 U.S. 438 (1966), was not intended to act as a constitutional panacea for all who have been arrested. *Miranda* only becomes applicable when statements are obtained by the police during a custodial interrogation. The chemical sobriety tests, although incriminating, are not testimonial communications within the meaning of the fifth amendment. Schmerber v. California, 384 U.S. 757 (1966).

From the facts it appears that McCharles was repeatedly informed that he was not entitled to consult with his attorney. Despite these explanations, he conditioned his consent to take the test by requesting to speak to an attorney beforehand. In light of these explanations, McCharles' conditional consent amounts to a refusal to submit to the chemical test. The judgment of the district court is therefore affirmed.