MICHAEL E. ZAMARRIPA, PETITIONER, v. FIRST JUDICIAL DISTRICT COURT, HONORABLE MICHAEL E. FONDI, RESPONDENT.

No. 17374

December 31, 1987                    747 P.2d 1386

[Rehearing denied February 25, 1988]

*Terri Steik Roeser,* State Public Defender, and *Thomas E. Perkins,* Special Deputy Public Defender, Carson City, for Petitioner.

*Brian McKay,* Attorney General, *Noel S. Waters,* District Attorney, and *Keith Loomis,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

By the Court, YOUNG, J.:

On August 27, 1985, petitioner, Michael Zamarripa, was arrested for driving under the influence in Washoe County. He gave his current address, 1011 S. Minnesota, Carson City, to the arresting officer, who listed it on the notice of revocation which was sent to the Department of Motor Vehicles (DMV). When Zamarripa appeared in justice court, he tendered his license to the judge, who refused it and told him to keep his license pending notification from the DMV.

On September 30, 1985, the DMV revoked Zamarripa's driver's license. The DMV sent the revocation order to 1100 N.

Nevada Street, Carson City, Michael's former address. Zamarripa admitted that he had moved four times since obtaining his driver's license but had not notified the DMV of his change of address as required by NRS 483.390. On October 14, 1985, he was stopped and arrested by the Carson City Sheriff's office for driving with a revoked license, NRS 483.560.

Zamarripa contends he did not have actual or constructive notice of the revocation and therefore did not form the requisite criminal intent required by NRS 193.190. The justice and district courts, however, found the violation of NRS 483.560 to be a *malum prohibitum* offense requiring no criminal intent. The district court also held that the intent required by NRS 193.190 was no more than the intent to drive a motor vehicle, not a conscious wrongdoing. The court also determined that the mandatory minimum 30-day sentence imposed for violation of NRS 483.560 did not take NRS 483.560 outside the realm of a *malum prohibitum* offense. The justice court's judgment was affirmed and remanded for the execution of the sentence.

This case is before the court on a petition for a writ of certiorari. NRS 34.020. A writ of certiorari is an extraordinary remedy and the decision to entertain a petition for a writ of certiorari lies within the discretion of this court. *See* Schumacher v. District Court, 77 Nev. 408, 365 P.2d 646 (1961). A writ of certiorari is granted in all cases where an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction and there is no appeal nor plain, speedy and adequate remedy. NRS 34.020(2). The writ may also be granted to review an appeal from the justice or municipal court to the district court, where the district court has ruled on the constitutionality or validity of a statute. NRS 34.020(3). Zamarripa argues that the lower court exceeded its jurisdiction by allowing him to be convicted and sentenced for driving on a revoked license without proof of a criminal intent. As a result, he contends that his constitutional rights of due process also have been violated. Because the district court has final appellate jurisdiction in cases arising in the justice court, there is no adequate remedy at law. Nev. Const. art. 6, § 6. Therefore, Zamarripa has presented an important issue for which an extraordinary writ of certiorari is properly before this court.

Zamarripa contends that NRS 483.560 requires that the state prove that he was knowingly driving with a revoked or suspended license. He claims that he did not receive notice of the revocation and, therefore, did not know he was driving with a revoked license. Thus, Zamarripa argues that he did not have the *mens rea* necessary for conviction.

A violation of Nevada's DUI statutes results in mandatory revocation of a person's driving privileges for a specific period of time. NRS 483.460. In some situations a police officer will immediately issue an order of revocation of the person's driver's license. NRS 484.385(1). In situations like the present case, where an order of revocation has not been immediately served but is appropriate, NRS 484.385(2), the Department of Motor Vehicles issues the order of revocation by mailing the order to the person at his last known address. NRS 484.385(3) provides that the order becomes effective five days after mailing.[1]

It is a misdemeanor to drive a motor vehicle after one's license has been revoked for violating DUI statutes, and the legislature has mandated a penalty of imprisonment in jail for not less than 30 days nor more than 6 months, and a fine of not less than $500.00 nor more than $1,000.00.[2] NRS 483.560. NRS 483.560 does not expressly require the state to prove criminal intent or knowing violation. Both the district court and justice court viewed NRS 483.560 as a *malum prohibitum* offense requiring no criminal intent. The district court held that NRS 483.560 requires only the intent to do the act of driving, not conscious wrongdoing.

There is a wide split of authority on the question whether driving with a suspended license requires proof of intent. Oregon, Kansas, Ohio, Nebraska and Indiana, for example, have held that no criminal intent is necessary for conviction of driving with a suspended license.[3] Arizona, Alaska, Colorado and North Carolina, on the other hand, have all held that criminal intent or knowledge is necessary for conviction.[4] California and Maine have statutes requiring knowledge of driving with a suspended license. Cal. Vehicle Code § 14601.2 (Supp. 1986); Maine Rev.Stat.Ann. title 29 § 2184.

---

[1]Although the issue is not presented by this appeal, we note that NRS 484.385(3), in conjunction with NRS 178.482, provides that the order of revocation actually becomes effective eight days after mailing. *Cf.* Hardin v. Jones, 102 Nev. 469, 727 P.2d 551 (1986) (although NRS 612.495(1) requires filing of administrative appeal within ten days from the date of mailing of the notice of determination, NRCP 6(e) applies to provide an additional three days because the notice of the agency's determination was mailed).

[2]At least 23 other states impose mandatory minimum sentences for similar offenses. U.S.D.O.T., *Drivers License Laws Annotated,* § 6-303 (1980).

[3]Grogan v. State, 482 N.E.2d 300 (Ind.Ct.App. 1985); State v. Jones, 644 P.2d 464 (Kan. 1982); State v. Grotzky, 382 N.W.2d 20 (Neb. 1986); State v. Morrison, 442 N.E.2d 114 (Ohio Ct.App. 1982); State v. Buttrey, 651 P.2d 1075 (Or. 1982).

[4]Gregory v. State, 717 P.2d 428 (Alaska Ct.App. 1986); State v. Jennings, 722 P.2d 258 (Ariz. 1986); People v. Lesh, 668 P.2d 1362 (Colo. 1983); State v. Finger, 324 S.E.2d 894 (N.C.App. 1985).

The standard for determining whether NRS 483.560 is a strict liability crime is whether there is a clear legislative intent that the crime does not require any degree of *mens rea. See* State v. Jennings, 722 P.2d 258, 262 (Ariz. 1986). NRS 483.560(1) provides: "Except as provided in subsection 2, any person who drives a motor vehicle on a highway or on premises to which the public has access at a time when his driver's license has been canceled, revoked or suspended is guilty of a misdemeanor." Subsection 2 imposes a mandatory 30-day to six-month term of imprisonment if the license has been revoked for a DUI offense. This statute does not state that intent or knowledge of the revocation is necessary in order to violate the statute, and the legislative history does not reveal an intent to make NRS 483.560 a strict liability crime. Nevertheless, the legislature has made it clear that the drunk driver is not wanted on the roads and highways of Nevada. Driving in this state is a privilege extended only to those who are qualified to operate a motor vehicle safely. McCharles v. State, Dep't of Mtr. Vehicles, 99 Nev. 831, 833, 673 P.2d 488, 489 (1983). Nevada *statutes* provide that persons convicted of driving while intoxicated forfeit their driving privilege. The legislature has found it necessary to mandate the 30-day penalty for driving with a revoked license in order to deter those who consciously ignore the penalty—license revocation—which was imposed for driving under the influence.

In many cases, driver's license revocation is immediate, and there will seldom be a situation where the driver is not aware the possibility of revocation is imminent. However, the language of NRS 484.385, which establishes the method of driver's license revocation, creates a troublesome problem. Did the legislature intend that actual or constructive notice of revocation must be received? NRS 484.385(3) provides:

> The department, upon receipt of such a certificate for which an order of revocation has not been served, after examining the certificate and copy of the result of the chemical test, if any, and finding that revocation is proper, shall issue an order revoking the person's license, permit or privilege to drive by mailing the order to the person at his last known address. The order must indicate the grounds for the revocation and the period during which the person is not eligible for a license, permit or privilege to drive and state that the person has a right to administrative and judicial review of the revocation and to have a temporary license. The order of revocation becomes effective 5 days after mailing.

NRS 484.385(4) provides:

> Notice of an order of revocation and notice of the affirmation of a prior order of revocation or the cancellation of a, temporary license provided in NRS 484.387 is sufficient if it is mailed to the person's last known address as shown by any application for a license. The date of mailing may be proved by the certificate of any officer or employee of the department, specifying the time of mailing the notice. The notice is presumed to have been received upon the expiration of 5 days after it is deposited, postage prepaid, in the United States mail.

NRS 484.385(3) and (4) establish the contents of the revocation order, when revocation becomes effective, the sufficiency of notice, and the method for proof of mailing. *See also* note 1, *supra.* Except for the last sentence of NRS 484.385(4), it would appear that it is only necessary to show that the revocation order was mailed to the last known address listed on the license application form—that actual receipt of notice is not required. However, the last sentence of NRS 484.385(4) raises a presumption that the notice was received. NRS 47.250(13) makes it a disputable presumption "[t]hat a letter duly directed and mailed was received in the regular course of mail." If the legislature did not intend to require actual or constructive notice of the revocation order, there would be no need to allow the receipt of notice to be disputed.

The presumption is significant in situations where notice was mailed but was not received through *no fault of the accused.* However, compliance with NRS 484.385 raises a *prima facie* presumption that the defendant received the revocation notice and thereby acquired knowledge of the suspension or revocation five days after the notice was mailed. The burden of proof shifts to the defendant who must show that his failure to receive the letter was the result of something other than his own culpable or dilatory conduct. Thus, NRS 484.385(4) requires at least constructive receipt of the revocation order. Since driving with a suspended license requires proof of license revocation, the knowledge or intent to drive with a revoked license is a necessary element of NRS 483.560.[5]

---

[5]There are several ways of stating this element of intention or knowledge. Arizona employs a "knew or should have known" standard while North Carolina and Colorado require "actual or constructive knowledge." *See* State v. Jennings, 722 P.2d 258, 262 (Ariz. 1986); People v. Lesh, 668 P.2d 1362, 1366 (Colo. 1983); State v. Finger, 324 S.E.2d 894, 897 (N.C. 1985).

NRS 484.385(4) expressly provides that notice of the revocation is sufficient if it is sent to the last known address shown on the license application. Zamarripa admits that he failed to change his address, a misdemeanor violation of NRS 482.285, but he contends that the DMV should have sent the notice to his present address because he listed his correct address on the arrest report sent to the DMV. Thus, Zamarripa argues that violating one statute should prevent his conviction under another. We hold that Zamarripa received notice deemed sufficient under NRS 484.385(4); therefore, he cannot complain that his conviction under NRS 483.560 violates his right of due process. *See* State v. Moffett, 728 P.2d 1330 (Kan. 1986).

Accordingly, for the reasons stated herein, we deny the petition for a writ of certiorari.

GUNDERSON, C. J., STEFFEN, SPRINGER, and MOWBRAY, JJ., concur.