**Commonwealth v. Sheibley**

*Elizabeth R. Frownfelter, assistant district attorney,* for the Commonwealth.
*Jerry A. Philpott,* for defendant.

QUIGLEY, *P.J.* February 19, 1992—

## MEMORANDUM

Ms. Sheibley was convicted under the Crimes Code of selling or furnishing liquor or malt or brewed beverages to minors[*] in her capacity as a bartender at a local tavern.

It is unquestioned that she did sell two six-packs to a person who was under 21 at the time.

Numerous facts and circumstances were developed that indicated the minor had attempted to be served at that bar previously and was turned down by the defendant. When he attempted to be served again,

---

[*] 18 Pa.C.S. §6310.1(a) reads:

"(a) *Offense defined*—except as provided in subsection (b), a person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age:"

there were individuals at the bar, at least one of whom vouched for the legal age of the minor.

The court sent the case to the jury on the theory that the jury could convict the defendant of the offense if the Commonwealth established beyond a reasonable doubt that the defendant either knew that the minor was in fact under age or, on the basis of the total facts and circumstances, should have determined that the person was under age. In essence, the court gave the jury a "know or should have known" charge.

There is no question that the operative statute provides that for the defendant to be guilty, the Commonwealth must prove that the defendant did in fact know. We broadened the statute and told the jury that the defendant could be convicted if she should have known. We are now of the opinion that the Legislature did not intend such a broad reading and, accordingly, we believe that the defense has correctly identified an error entitling it to a new trial.

We will reverse the finding of guilty and remand this matter and order a new trial.