STATE of Utah, Plaintiff and Appellee,

v.

**Joann VALDEZ, Defendant and Appellant.**

No. 960308–CA.

Court of Appeals of Utah.

Feb. 21, 1997.

Rosalie M. Reilly, Monticello, for Defendant and Appellant.

William L. Benge, Grand County Attorney, Moab, for Plaintiff and Appellee.

Before WILKINS, Associate P.J., and BILLINGS and JACKSON, JJ.

## OPINION

BILLINGS, Judge:

Joann Valdez appeals her conviction of knowingly providing alcohol to a minor, a class A misdemeanor, in violation of Utah Code Ann. § 32A–12–203(2) (Supp.1996). She claims the trial court erred in holding that this statutory offense does not require the server of alcohol to have knowledge that the person served is a minor. We agree and therefore vacate defendant's conviction and reverse and remand for a new trial.

## FACTS

On November 8, 1995, Jeffrey McElhaney (the minor), who was then nineteen, entered the Outlaw Saloon in Moab with his uncle, Larry McElhaney. Both went over to defendant, the bartender, and Larry ordered two beers. Defendant placed one beer in front of Larry and one in front of the minor, and Larry paid for the beers. Defendant admitted that she was aware the minor was drinking the alcohol, but she stated that she did not know or have any reason to believe that he was underage. At trial, she stated that she never checked the minor's identification because she was busy at the time and he appeared to be over twenty-one. She thought the minor was over twenty-one years old because he had a mustache, because of the clothes he was wearing, and because he came into the bar with someone she knew was in his mid-thirties. Several other witnesses also testified that the minor appeared to be older than twenty-one.

At some point during the evening, two Moab police officers entered the saloon for a routine bar check. Both officers saw and recognized the minor, who was playing pool at the time and drinking a beer. From past experiences with the minor, both believed that he was underage, but to be sure they left the bar and went to the police station to confirm that he was, in fact, a minor. Approximately twenty minutes later, after determining the minor's age, the officers returned and cited him for illegal consumption. The minor told the officers that defendant had served him the beers. The officers then cited defendant with providing alcohol to a minor.

In a one-day trial, defendant was found guilty by the trial court and fined two-hundred-and-fifty dollars. Defendant appeals.

## ANALYSIS

Defendant claims the trial court erred in concluding that the knowledge requirement in Utah Code Ann. § 32A–12–203(2) (Supp.1996) requires only that a defendant must have knowledge that she was selling or furnishing alcohol to someone, not that she was furnishing alcohol to a minor. This issue of statutory construction is a question of law which we review for correctness; accordingly, we afford no deference to the trial court. *State v. Keitz*, 856 P.2d 685, 689 (Utah App. 1993).

"When faced with a question of statutory construction, we look first to the plain language of the statute." *Strawberry Elec. Serv. Dist. v. Spanish Fork City*, 918 P.2d 870, 875 (Utah 1996). Furthermore, only if the plain language of the statute is unclear do we "resort to legislative history and purpose for guidance." *Id.*

Utah Code Ann. § 32A–12–203 (Supp.1996) (emphasis added) states:

(1) A person may not sell, offer to sell, or otherwise furnish or supply any alcoholic beverage or product to any person under the age of 21 years.

(2) Except as provided in Subsection (3), *a person who knowingly sells, offers to sell, or otherwise furnishes or supplies any alcoholic beverage or product to any person under the age of 21 years is guilty of a class A misdemeanor.*

(3) This section does not apply to the furnishing or supplying of an alcoholic beverage or product to a minor for medicinal purposes by the parent or guardian of the minor or by the minor's physician or dentist, in accordance with this title.

The key word in subsection (2) is "knowingly." The trial court concluded that "knowingly" modified only the phrase "sells,

offers to sell, or otherwise furnishes or supplies any alcoholic beverage or product" and did not mean that a person supplying the alcohol had to know that the person receiving the alcohol was a minor. We conclude the plain language of the subsection cannot support such a reading. The word, "knowingly," clearly sets the mens rea for all three elements of the statute,[1] not just the first.

This interpretation of subsection (2), based on the plain language, also harmonizes the entire statutory scheme. *See State v. Souza,* 846 P.2d 1313, 1317 (Utah App.1993) ("[I]f there is doubt or uncertainty as to the meaning or application of the provisions of an act, it is appropriate to analyze the act in its entirety, in light of its objective, and to harmonize its provisions in accordance with its intent and purpose."). Subsection (1) of the statute, which states that a person "may not sell, offer to sell, or otherwise furnish or supply any alcoholic beverage or product to any person under the age of 21 years," sets out the elements of the basic offense of selling alcohol to a minor. Utah Code Ann. § 32A–12–203(1) (Supp.1996). Because the subsection does not specifically state the requisite mens rea for the offense, the mens rea is supplied by Utah Code Ann. § 76–2–102 (1995). This statute states that "when the definition of the offense does not specify a culpable mental state," and if the offense does not involve strict liability, then "intent, knowledge or recklessness shall suffice to establish criminal responsibility." *Id.* Furthermore, while section 32A–12–203(1) also does not specifically set forth the degree of the offense for violating the subsection, the degree is supplied by Utah Code Ann. § 32A–12–104 (1994), which states that "[a]ny person who violates this title ... is

guilty of a class B misdemeanor, unless otherwise provided in this title." Thus, in light of section 76–2–102 and section 32A–12–104, under section 32A–12–203(1), if a person recklessly provides alcohol to a minor, that person is guilty of a *class B* misdemeanor, as opposed to a class A misdemeanor under section 32A–12–203(2) if a person knowingly provides alcohol to a minor.

Our interpretation of the statute is also consistent with the legislative history of the 1991 amendments to the statute. The legislative history indicates that the legislature did not intend that a violation of Utah Code Ann. § 32A–12–203 be a class A misdemeanor unless the defendant actually knew that the person being furnished the alcohol was a minor. *See* H.B. 79 Tape of Utah House Floor Debates, 49th Legislature, General Session (February 26, 1991).[2]

Thus, we conclude that to be convicted of a class A misdemeanor under Utah Code Ann. § 32A–12–203 (Supp.1996), a person must know that the person he or she is serving alcohol to is a minor. We therefore vacate defendant's conviction for a class A misdemeanor and reverse and remand for a new trial as it is undisputed she did not know the person she served was a minor.

WILKINS, Associate P.J., and JACKSON, J., concur.

---

**1.** The three elements are (1) sells, offers to sell, or otherwise furnishes or supplies (2) any alcoholic beverage or product (3) to any person under the age of twenty-one years.

**2.** For example Senator Hillyard offered the following two scenarios in support of the amendments:

[W]hat we've done now is if you go through the check-out stand and the clerk knows they are underage; say, they are a brother or a neighbor or they know how old they are and then they choose to sell beer to them, they would be guilty of a class A misdemeanor.

He continued by stating:

[If] you check the I.D. and you don't pick it up and you should have, or if you don't carefully check the date and it shows the person is underage and you miss it, it still would be a class B misdemeanor. That has always been the law. The law last year made it a class A misdemeanor in those regards and we were finding that the police thought it was too burdensome to prosecute.

H.B. 79 Tape of Utah Senate Floor Debates, 49th Legislature, General Session (February 26, 1991).