BRANDEE GARCIA, MISTY NOEL HERRERA, PAM MUNK, DONALD STEPHENS, AND DARRELL R. CARDEN, Petitioners, v. THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF PERSHING, AND THE HONORABLE JERRY V. SULLIVAN, DISTRICT JUDGE, Respondents, AND THE STATE OF NEVADA, REAL PARTY IN INTEREST.

No. 37472

September 12, 2001

30 P.3d 1110

*Steve E. Evenson,* Lovelock, for Petitioners.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Belinda B. Quilici,* District Attorney, and *Jim C. Shirley,* Deputy District Attorney, Pershing County, for Real Party in Interest.

## OPINION

*Per Curiam:*

We are asked today to interpret NRS 202.055, which proscribes the sale of alcohol to those who are under twenty-one years of age, to determine whether the phrase "knowingly . . . [s]ells . . . an alcoholic beverage to any person under 21 years of age" requires proof of either actual or constructive knowledge of the purchaser's age. We conclude that actual or constructive knowledge of the purchaser's age is a required element of the statute; hence, because there is insufficient evidence of petitioners' knowledge of the purchaser's age, we grant the petition for a writ of certiorari and order the district court to vacate petitioners' convictions.

### FACTS

In May 2000, the Pershing County Sheriff's Department conducted a sting operation at various establishments in the Lovelock

area in order to crack down on the sale of alcohol to persons under the age of twenty-one and to ensure establishments were checking for identification before selling alcohol. John Casey Christensen, who was twenty years and six months old at the time, contacted the Sheriff's Department to act as the decoy in the sting operation and went into various establishments and bought alcohol from petitioners. In all cases, petitioners did not ask Christensen for identification, and each stated that Christensen appeared to be between twenty-four and twenty-seven years old. Petitioners were each charged with violation of NRS 202.055. Petitioners Brandee Garcia, Misty Noel Herrera, Pam Munk and Donald Stephens were tried in the Lovelock Municipal Court, while petitioner Darrell R. Carden was tried in the Lake Township Justice Court.

Christensen testified at each of the proceedings that he was wearing a hat and had a goatee, resembling a full beard, when he purchased the alcohol,[1] and that many people told him he looked older than twenty-one years with his goatee. He also testified that on previous occasions he had spoken with members of the Sheriff's Department about the fact that he looked older than twenty-one years old, which indicated to them that it was unlikely persons selling alcohol would ask for his identification. At the trial, however, Christensen was clean-shaven.

Officer Kelsey testified at each of the proceedings that he had assumed that under NRS 202.055 checking identification was required before a person sold alcohol to another. Kelsey further stated that under the facts, there was no evidence that any of the petitioners knew Christensen was under twenty-one, only that, in his opinion, they may have been negligent in failing to check for identification.

The Lake Township Justice Court, in Carden's trial, concluded that because Carden failed to check Christensen's identification, he had violated NRS 202.055. That court further concluded:

> [There is n]o excuse for the licensee, employee, dealer or other person to plead that he believed the person to be twenty-one years or over and I think I'm gonna tell you particularly in this particular instance . . . it's incumbent upon the proprietor . . . to make sure that the people that are in the establishment are at least twenty-one years old.

The Lovelock Municipal Court, at the other petitioners' trial, also concluded that petitioners had violated NRS 202.055 by failing to check identification and suggested that selling alcohol to a person under twenty-one years was a strict liability offense. The court concluded:

---

[1]There was also testimony that Christensen may have been wearing sunglasses when he bought alcohol from some of the petitioners.

> You do not have to know the individual you are selling to, [the statute] doesn't say anything about that, *you don't have to know what their age is*, if there is any question in your mind, you have to check them. It just doesn't sound realistic to me, like I said before, that you have to know the individual and that you have to know the age and then if you sell to them, you are guilty. It doesn't make sense to me . . . . You got careless, as many of us do, and you didn't check an individual.

(Emphasis added.)

Petitioners then appealed to the district court, alleging that because the State failed to produce sufficient evidence that they knowingly sold alcohol to a person under twenty-one years, their convictions should be reversed. The district court issued an order affirming the judgment of the justice and municipal courts, concluding that "the word 'knowingly' is an indication that this is not a strict liability statute." The district court also concluded that "[w]hat a Defendant does or fails to do may indicate knowledge/intent or lack thereof to commit the offense charged." Despite this, the district court affirmed the judgments of conviction, stating that "the triers of fact . . . are the judges of whether there was knowledge/intent. It would be wrong for this Court to substitute its decision regarding knowledge and/or intent in this case." Petitioners filed a petition for a writ of certiorari in this court, challenging their convictions.

## DISCUSSION

A writ of certiorari is an extraordinary remedy that lies entirely within the discretion of this court.[2] Certiorari is appropriate only when an inferior tribunal has exceeded its jurisdiction and there is no plain, speedy and adequate remedy at law.[3] Because violation of NRS 202.055 is a misdemeanor, the judgments of conviction of the justice and municipal courts are only appealable to the district court, and the district court's decision in that matter is final.[4] Accordingly, the only manner by which this court could review challenges to the constitutionality of or clarify the elements of NRS 202.055 is by a writ petition.[5] Because the determination of the elements of NRS 202.055 and the mental state required is

---

[2]NRS 34.020; *see Zamarripa v. District Court,* 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987).

[3]NRS 34.020(2).

[4]Nev. Const. art. 6, § 6; *see also Braham v. District Court,* 103 Nev. 644, 645-46, 747 P.2d 1390, 1391 (1987).

[5]*See Zamarripa,* 103 Nev. at 640, 747 P.2d at 1387.

of sufficient statewide interest, we elect to exercise our extraordinary writ powers in this case.[6]

NRS 202.055 criminalizes the sale of alcohol to a person under the age of twenty-one years, stating:

> Every person who knowingly:
> (a) Sells, gives or otherwise furnishes an alcoholic beverage to any person under 21 years of age;
> (b) Leaves or deposits any alcoholic beverage in any place with the intent that it will be procured by any person under 21 years of age; or
> (c) Furnishes, gives, or causes to be given any money or thing of value to any person under 21 years of age with the knowledge that the money or thing of value is to be used by the person under 21 years of age to purchase or procure any alcoholic beverage,
> is guilty of a misdemeanor.

When an intent requirement is supplied in the statute, in order to sustain a conviction, that intent must be proven as to each element of the crime.[7]

NRS 193.017 defines knowingly as "knowledge that the facts exist which constitute the act or omission of a crime, and does not require knowledge of its unlawfulness." NRS 193.017 also states that this knowledge "may be inferred from the knowledge of such other facts as should put an ordinarily prudent person upon inquiry"—otherwise known as constructive knowledge. Moreover, in *State v. Rhodig,* we stated that constructive knowledge fulfills a statutory requirement that an act be done "knowingly," stating that "[s]tate of mind need not be proved by positive or direct evidence, but may be inferred from conduct and the facts and circumstances disclosed by the evidence."[8]

Unlike other age-specific statutes, such as those proscribing the sale of tobacco to persons under eighteen years of age,[9] a defendant's state of mind ("knowingly") has expressly been included in NRS 202.055, thus requiring a defendant's knowledge of each

---

[6]*See State of Nevada v. Dist. Ct.,* 116 Nev. 127, 134, 994 P.2d 692, 697 (2000).

[7]*See State of Nevada v. District Court,* 108 Nev. 1030, 1032-33, 842 P.2d 733, 735 (1992); *see also Harris v. State,* 83 Nev. 404, 407, 432 P.2d 929, 931 (1967); *see State v. Valdez,* 933 P.2d 400, 401-02 (Utah Ct. App. 1997).

[8]101 Nev. 608, 611, 707 P.2d 549, 551 (1985).

[9]NRS 202.2493(2) (sale of tobacco to persons under eighteen); NRS 200.366-.368 (statutory sexual seduction); NRS 463.350 (presence of persons under twenty-one years in gaming institutions).

element to be proven. As a result, under the definition of "knowingly" in NRS 193.017, the State must prove that the defendant had actual or constructive knowledge of all elements of the statute—including the purchaser's age in order to sustain a conviction.[10] NRS 202.055 is not a strict liability offense, and the municipal and justice courts applied an incorrect standard in so concluding.

Other state statutes with similar language as that in NRS 202.055 have been interpreted to mean that the age of the purchaser is an element of the offense; thus, because "knowingly" was included in the statute, the defendant must have actual or constructive knowledge of the purchaser's age in order to sustain a conviction.[11] In *State v. Lelchook,* the Iowa Supreme Court stated that because the statute contained the word "knowingly," the State must prove the defendant knew or had reason to believe the purchaser was under twenty-one years of age.[12] Thus, the issue becomes a jury question of the sufficiency of the evidence where "[t]he jury is then free to consider its own perception as to the minor's appearance or to believe the defendant's testimony as to why defendant thought the purchaser was not a minor."[13]

Having determined that NRS 202.055 requires proof that petitioners knew or had reason to know the purchaser was under twenty-one years of age, we must then look to whether sufficient evidence was adduced at trial to indicate such knowledge.[14] In light of the municipal and justice courts' express statements that they based petitioners' convictions on their belief that NRS 202.055 did not require knowledge of age and that checking identification was required, we conclude that the incorrect standard was used and sufficient evidence does not support the convictions.

---

[10]*See Valdez,* 933 P.2d at 401-02. *But see Com. v. Montalvo,* 735 N.E.2d 391, 393-94 (Mass. App. Ct. 2000).

[11]Ark. Code Ann. § 3-3-202(a) (Michie 1996); Ga. Code Ann. § 3-3-23(a)(1) (Harrison 1998); Iowa Code Ann. § 123.47 (West 1997 & Supp. 2001); Me. Rev. Stat. Ann. tit. 28-A, § 2081 (West 1988 & Supp. 2000); Mich. Comp. Laws Ann. § 436.1701(1) (West Supp. 2001); N.M. Stat. Ann. § 60-7B-1 (Michie 1998); N.D. Cent. Code § 5-01-09 (1999); Okla. Stat. Ann. tit. 37, § 537(A) (West 1999); 18 Pa. Cons. Stat. Ann. § 6310.1(a) (West 2000); Tenn. Code Ann. §§ 57-3-406(d), 57-3-301(a)(1) (1989 & Supp. 2000); Utah Code Ann. § 32A-12-203 (1999); Va. Code Ann. § 4.1-304 (Michie 1999).

[12]186 N.W.2d 655, 656-57 (Iowa 1971).

[13]*Id.* at 657 (citing *State v. Straw,* 185 N.W.2d 812 (Iowa 1971)); *see, e.g., State v. Jarvis,* 427 S.W.2d 531 (Ark. 1968); *State v. De Villiers,* 633 P.2d 756 (Okla. Crim. App. 1981); *Commonwealth v. Sheibley,* 13 Pa. D. & C.4th 309 (Pa. D. & C.4th 1992); *Dinh v. State,* 695 S.W.2d 797 (Tex. Crim. App. 1985).

[14]*Slobodian v. State,* 107 Nev. 145, 147-48, 808 P.2d 2, 3-4 (1991) (citing *Jackson v. Virginia,* 443 U.S. 307 (1979)); *Azbill v. State,* 88 Nev. 240, 252, 495 P.2d 1064, 1072 (1972).

The record reveals that Christensen looked substantially older than twenty-one years of age, had a full beard, wore a hat and perhaps even sunglasses when he bought the alcohol. In fact, testimony indicates that he was expressly selected because he appeared older than twenty-one, and all of the petitioners testified that he looked twenty-four to twenty-seven years old. Thus, because NRS 202.055 does not require asking for identification before selling alcohol,[15] we conclude that the surrounding circumstances do not support the conclusion that petitioners either knew or had reason to know Christensen was under twenty-one years of age. We therefore grant the petition for a writ of certiorari and order the district court to vacate its orders affirming petitioners' convictions and to enter orders reversing those convictions.

## CONCLUSION

In light of the inclusion of the word "knowingly" in the statute, we conclude that the State must prove that the defendant had actual or constructive knowledge of a purchaser's age in order to sustain a conviction under NRS 202.055 for selling alcohol to a person under twenty-one. Accordingly, we grant the petition for a writ of certiorari. The clerk of this court shall issue the writ, directing the district court to vacate its orders affirming petitioners' convictions and to enter orders reversing the convictions.[16]

[15]*Cf.* NRS 202.2493.

[16]The Honorable Cliff Young, Justice, voluntarily recused himself from participation in the decision of this matter.