An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHELLE BRADFORD,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES M. BIXLER, DISTRICT JUDGE,
Respondents,
and
CANYON POINTE,
Real Party in Interest.

No. 65559

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

MICHELLE BRADFORD,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES M. BIXLER, DISTRICT JUDGE,
Respondents,
and
CANYON POINTE,
Real Party in Interest.

No. 65802 ✓

### ORDER DENYING PETITIONS FOR EXTRAORDINARY RELIEF

These are related proper person petitions for extraordinary relief arising from the apparent eviction of petitioner from her residence. These matters are not consolidated. Docket No. 65559 appears to be a petition for a writ of certiorari regarding the eviction determination, while Docket No. 65802 appears to seek an extension of time to file the appendix in Docket No. 65559.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24020

A writ of certiorari is an extraordinary remedy that will be granted when an inferior tribunal has exceeded its jurisdiction and there is no appeal or other plain, speedy, and adequate remedy available. NRS 34.020(2); *Zamarripa v. First Judicial Dist. Court,* 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987). This court has the discretion to determine whether to entertain a petition for a writ of certiorari. *Zamarripa,* 103 Nev. at 640, 747 P.2d at 1387.

Based on our review of these matters, we conclude that our intervention by way of extraordinary relief is not warranted. Petitioner's single-page petitions merely provide vague requests that this court overturn the alleged eviction order without providing copies of the challenged order, any other supporting documents, or any arguments as to why the order was in error. Without the order, appendix, or argument, this court has "no way of properly evaluating the petition" because this court does not have information essential to this court's understanding of the matters set forth in the writ petition. *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 229, 88 P.3d 840, 844 (2004); *see also* NRAP 21(a)(4); NRAP 21(c).

While petitioner requests, both in her initial petition and in Docket No. 65802, that she be allowed additional time to file an appendix because she is disabled, she did not provide any affidavit, declaration, or other information concerning her disability and has not taken any other action in these matters since the filing of this petition. And as noted above, even if petitioner had filed an appendix, she failed to provide any cogent argument regarding why this court could consider her writ petition and did not cite to any authority supporting her position. *See Edwards v. Emperor's Garden Rest.,* 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38

(2006) (declining to consider an issue when the party failed "to cogently argue, and present relevant authority, in support of his appellate concerns"). We therefore decline to grant petitioner further time to file an appendix in these matters.

Thus, because petitioner has failed to provide necessary cogent arguments or supporting documents with regard to these matters, we conclude that these petitions should be denied,[1] *id.*; *Pan*, 120 Nev. at 229, 88 P.3d at 844; albeit, without prejudice to petitioner's ability to file a new petition accompanied by the necessary supporting documents and providing sufficient arguments to support her position.

It is so ORDERED.[2]



_____Pickering_____, J.
Pickering

_____Parra_____ J.
Parraguirre

_____Saitta_____, J.
Saitta

---

[1]We note that, in addition to the deficiencies noted above, petitioner has not provided certificates of service indicating that she properly served these petitions on respondents or real party in interest. NRAP 21(a)(1); NRAP 25(d) (setting forth requirements for proof of service). Petitioner must properly serve each document filed with this court and file a completed certificate of service with the document when it is filed with this court, NRAP 25(b)-(d), and the failure to do so could constitute an independent basis for denying these petitions.

[2]In light of this order, we deny as moot petitioner's request for a stay of the underlying matter.

cc: Hon. James M. Bixler, District Judge
Michelle Bradford
Canyon Pointe
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A