An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD TAITANO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66095

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of certiorari, prohibition, or, in the alternative, mandamus challenges a district court order resolving an appeal from a justice court conviction.[1]

---

[1] "A writ of certiorari is appropriate to remedy jurisdictional excesses committed by an inferior tribunal, board, or officer, exercising judicial functions." *Las Vegas Police Prot. Ass'n v. Eighth Judicial Dist. Court*, 122 Nev. 230, 241, 130 P.3d 182, 190 (2006); NRS 34.020(2). In addition, "[w]e are authorized to review a petition for a writ of certiorari in cases where the district court has considered the constitutionality of a statute or ordinance." *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). A writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without *or* in excess of the jurisdiction of such tribunal, corporation, board or person." NRS 34.320. Because the district court had jurisdiction to consider Taitano's appeal from the justice court

*continued on next page...*

14-31076

Petitioner Ronald Taitano was tried and convicted of driving under the influence. He was sentenced to a $585 fine, Victim Impact Panel, DUI School, 24 hours of community service, and one session of Alcoholics Anonymous per week for 90 days. On appeal, the district court reversed his conviction based on error concerning the admission evidence in violation of *City of Reno v. Howard*, 130 Nev. ___, 318 P.3d 1063 (2014), and remanded the matter to the justice court for a new trial.

Because a petition for an extraordinary writ is addressed to this court's sound discretion, *Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987); *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983); *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982), the threshold issue is whether we should exercise that discretion and consider the petition. Extraordinary relief may be appropriate where a tribunal, board, or officer has exceeded its jurisdiction or acted in an arbitrary or capricious manner, or such relief may be used to compel the performance of an act required by law. *See* NRS 34.160; *Zamarippa*, 103 Nev. at 640, 747 P.2d at 1387; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). This court will not entertain a petition when the petitioner has a plain, speedy, and adequate remedy at law. NRS 34.020(2) (certiorari); NRS 34.170 (mandamus); NRS 34.330

...*continued*
and did not consider the constitutionality of the statute, we determine that neither a writ of certiorari nor a writ of prohibition is the appropriate mechanism for this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

(prohibition). When exercising its discretion, this court may entertain petitions for extraordinary relief when judicial economy and sound judicial administration militate in favor of writ review. *See State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990). Additionally, we may exercise our discretion and entertain a writ petition when "an important issue of law requires clarification." *State v. Second Judicial Dist. Court (Epperson)*, 120 Nev. 254, 258, 89 P.3d 663, 665-66 (2004) (internal quotation marks omitted).

Taitano contends that, as he has served the underlying sentence, the district court should have reversed and vacated the conviction. He asserts that the cost of defending another trial has a chilling effect on the desire to participate in the appellate process and thus violates due process. Further, judicial economy is served by not retrying matters the legislature has deemed petty.

We conclude that writ review is unwarranted. Taitano prevailed on appeal to the district court. His conviction was reversed and his case was remanded to the justice court for a new trial. If he is tried and convicted again, the punishment that he has already endured must be credited against any new sentence imposed. *North Carolina v. Pearce*, 395 U.S. 711, 717-19 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). Taitano failed to demonstrate that the district court's decision to remand for a new trial to remedy the evidentiary error was manifestly unreasonable, *see Stephans v. State*, 127 Nev. ___, ___, 262 P.3d 727, 734 (2011) (providing where evidence admitted at trial was sufficient to sustain the conviction, the remedy for evidentiary error is

reversal and remand for new trial), or an arbitrary or capricious exercise of its discretion, *see State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) ("An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." (quotation marks and citation omitted)). Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Rob Bare, District Judge
    Mueller Hinds & Associates
    Attorney General/Carson City
    Clark County District Attorney
    Eighth District Court Clerk