# IN THE SUPREME COURT OF THE STATE OF NEVADA

CANDACE GITTINS,
Appellant,
vs.
KEITH A. LOGAN, A/K/A EUREKA
COUNTY SHERIFF; AND THE
JUSTICE COURT OF BEOWAWE
TOWNSHIP, COUNTY OF EUREKA,
STATE OF NEVADA,
Respondents.

No. 70328

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Candace Gittins' petition for writs of certiorari, mandamus, and/or prohibition.[1] Seventh Judicial District Court, Eureka County; Gary Fairman, Judge. Gittins sought writ relief from various aspects of a justice court order resolving pretrial motions in a misdemeanor case against her. She now argues that the district court erred in denying relief based on her arguments that the vehicular manslaughter statute, NRS 484B.657, is unconstitutional and that she should be permitted to proffer evidence of contributory negligence. We disagree and affirm.

A writ of certiorari may be granted to review the district court's order on appeal from the justice court where the district court rules on a statute's constitutionality. NRS 34.020(3); *Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987). A

---

[1]We previously dismissed Gittins' appeal to the extent that she challenged the denial of her pretrial petition for a writ of habeas corpus. *Gittins v. Logan*, Docket No. 70328 (Order Granting Motion to Dismiss in Part, June 6, 2016).

17-19896

writ of mandamus may be sought to compel the performance of an act which the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011). A writ of prohibition may issue if a lower court acts in excess of its jurisdiction. NRS 34.320; *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289-90, 607 P.2d 1140, 1141 (1980). The petitioned court has discretion whether to entertain a petition for extraordinary relief and will not do so when the petitioner has a plain, speedy, and adequate remedy at law. NRS. 34.020(2); NRS 34.170; NRS 34.330; *Hickey v. Eighth Judicial Dist. Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989). The petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Gittins first argues that NRS 484B.657 is unconstitutional because the public-welfare-offense analysis in *Cornella v. Justice Court*, 132 Nev., Adv. Op. 58, 377 P.3d 97 (2016), is mistaken and thus the statute violates NRS 193.190 and due process. We addressed in *Cornella* whether NRS 484B.657 violated due process guarantees and the mens-rea requirements codified in NRS 193.190 and concluded that the ordinary negligence requirement sufficed because the crime was a public welfare offense. *Id.* at 103-04. Gittins argues that a 6-month jail term would exceed the acceptable punishment for a public welfare offense—as being more than a small penalty that would not tarnish her character—because she is an "elderly, fragile woman, who has led a dignified and productive life." The nature of an offense turns on objective indications of its seriousness, such as the sentence authorized by the legislature, *see*

*Blanton v. N. Las Vegas*, 489 U.S. 538, 541 (1989) (discussing whether offense is categorized as "petty"), and whether an offense is a public welfare offense turns on the class of the offense, *see Holdridge v. United States*, 282 F.2d 302, 309-10 (1960), not the characteristics of the offender. Gittins has failed to provide authority supporting her contention that the constitutionality of NRS 484B.657 should be assessed "as applied" to the frailties of a given defendant, and the State correctly notes that the statute has not yet been applied to Gittins's case as she has not yet been tried. As Gittins has failed to show that extraordinary relief is warranted, we conclude that the district court did not abuse its discretion in denying writ relief on this ground.

Second, Gittins argues that the justice court improperly suppressed evidence of contributory negligence and thereby impaired her ability to present evidence in her defense. Contributory negligence is relevant to a defendant's liability only where it is "a superseding cause or the sole cause," *Williams v. State*, 118 Nev. 536, 550, 50 P.3d 1116, 1125 (2002) (internal quotation marks omitted), and the justice court order permitted Gittins to make an offer of proof that an alleged negligent act constituted an intervening, superseding cause. Gittins thus has failed to show the justice court erred, and we decline Gittins' invitation to reconsider *Williams*. Moreover, this bar to evidence of contributory negligence does not inhibit Gittins from presenting her defense case because she may present evidence that she acted as an ordinarily prudent person would have in light of the preexisting conditions then present without presenting irrelevant evidence that others did not act with ordinary prudence. *See* NRS 193.018; *Williams*, 118 Nev. at 551, 50 P.3d at 1125-26. We conclude that Gittins has failed to show that

extraordinary relief was warranted. The district court therefore did not abuse its discretion in denying writ relief on this ground.

Having considered Gittins' contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Gary Fairman, District Judge
Dunlap & Laxalt
Eureka County District Attorney
Eureka County Clerk