# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN VALENTI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78764

FILED

MAY 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of grand larceny of a motor vehicle and four counts of grand larceny of a firearm. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.[1] Appellant Steven Valenti raises several issues on appeal.

*Convictions for grand larceny of a firearm under NRS 205.226*

First, Valenti argues that the State did not prove he had the requisite specific intent to steal the victim's firearms at the time he stole the victim's vehicle and trailer. The State contends that it only needed to prove Valenti had the specific intent to steal the victim's property. We review issues of statutory interpretation de novo. *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). NRS 205.226(1) provides that: "[a] person who intentionally steals, takes and carries away *a firearm* owned by another person commits grand larceny of a firearm." (Emphasis added.) Because the statute's plain language clearly and unambiguously contemplates theft of a firearm, we agree with Valenti that the State had to prove he had the specific intent to steal the victim's firearms. *See Hobbs,*

---

[1]The Honorable Carolyn Ellsworth, Judge, presided at trial.

21-14082

127 Nev. at 237, 251 P.3d at 179 ("If the statute's language is clear and unambiguous, we enforce the statute as written."); *Garcia v. Sixth Judicial Dist. Court*, 117 Nev. 697, 701, 30 P.3d 1110, 1112 (2001) ("When an intent requirement is supplied in the statute, in order to sustain a conviction, that intent must be proven as to each element of the crime."); *see also Intent, Black's Law Dictionary* (11th ed. 2019) (defining "specific intent" as "[t]he intent to accomplish the precise criminal act that one is later charged with"). However, we conclude that the State met its burden.

Larceny is a specific intent crime and the larcenous intent must coincide with the taking of the property. *See Harvey v. State*, 78 Nev. 417, 419, 375 P.2d 225, 226 (1962) ("Nevada law is settled that, to constitute larceny, there must exist in the mind of the perpetrator, at the time of the taking, the specific intent to permanently deprive the owner of his property."). Relying on *Harvey*, Valenti contends the State had to prove he had the specific intent to steal the firearms at the time he stole the vehicle and trailer containing the firearms. We disagree. *Harvey* is factually distinguishable because it involved the taking of property with a later-formed intent to deprive the owner of that very same property. *Id.* at 420, 375 P.2d at 226. In this case, the evidence adduced at trial showed that Valenti stole the victim's vehicle with an attached trailer. The victim testified that the vehicle and trailer contained all of his personal property—including four firearms. When law enforcement discovered the abandoned vehicle and trailer, no firearms were recovered. The jury was provided with sufficient evidence to suggest that Valenti, unlike the defendant in *Harvey*, had the intent to commit larceny when he stole the original property, the vehicle and its contents, but also that he separately formed the specific intent to steal different items of property, the firearms, when he took them

upon their discovery and removal. Further, the fact that no firearms were recovered is sufficient circumstantial evidence that Valenti stole the firearms. *See Grant v. State*, 117 Nev. 427, 435, 24 P.3d 761, 766 (2001) ("Intent need not be proven by direct evidence but can be inferred from conduct and circumstantial evidence."). Therefore, Valenti's reliance on *Harvey* is misplaced, and we conclude that Valenti's contention does not warrant relief.[2]

Valenti also challenges the unit of prosecution under NRS 205.226. Specifically, he argues that because the four firearms were all stolen during a single larceny, only one criminal charge can be alleged. "Determining the appropriate unit of prosecution presents an issue of statutory interpretation and substantive law." *Castaneda v. State*, 132 Nev. 434, 437, 373 P.3d 108, 110 (2016) (internal citation and quotation marks omitted). Here, the State charged Valenti with four violations of NRS 205.226, which provides in relevant part:

> 1. A person who intentionally steals, takes and carries away *a firearm* owned by another person commits grand larceny of a firearm.
>
> . . . .

---

[2]Given our disposition, we conclude that Valenti's arguments that the district court erred by denying his motions for an advisory verdict and a judgment of acquittal and by refusing to give his proposed jury instructions on intent do not warrant relief. Additionally, Valenti argues the State failed to prove the operability of the stolen firearms. He did not present this argument below, and NRS 205.226 has no operability requirement. Accordingly, we disagree with his assertion that the issue affected his substantial rights and discern no plain error. *See* NRS 178.602 (plain error standard); *see also Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (noting that this court may review unpreserved issues for plain error).

SUPREME COURT
OF
NEVADA

(O) 1947A

> 3. In addition to any other penalty, the court shall order the person who committed the grand larceny of *the firearm* to pay restitution.

(Emphases added.) By using singular terms, the statute unambiguously forbids the unlawful taking of an individual firearm. *Compare Shue v. State*, 133 Nev. 798, 802, 407 P.3d 332, 336 (2017) (providing that a statute's use of singular terms "necessarily precludes any contemplation of the plural"), *with State v. Fourth Judicial Dist. Court (Martinez)*, 137 Nev., Adv. Op. 4, 481 P.3d 848, 850-51 (2021) (concluding that use of singular "firearm" in NRS 202.360(1) did not clarify the unit of prosecution under that statute given that the statute also used the word "any," which is ambiguous, to modify "firearm"); *see also Castaneda*, 132 Nev. at 438, 373 P.3d at 111 (recognizing that "the word 'any' has typically been found ambiguous in connection with the allowable unit of prosecution, for it contemplates the plural, rather than specifying the singular" (internal quotation marks omitted)). Accordingly, we conclude that NRS 205.266 plainly provides that each firearm stolen constitutes a separate violation of the statute. The evidence showed Valenti stole four firearms. Therefore, applying the statute's plain language, we conclude the jury properly found Valenti guilty of four counts of grand larceny of a firearm.

*Batson challenges*

Valenti next argues that the district court erred by denying his objections to the State's peremptory challenges to prospective jurors 422 and 503. The Equal Protection Clause forbids a prosecutor from striking potential jurors solely on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 89, (1986); *McNair v. State*, 108 Nev. 53, 62, 825 P.2d 571, 577 (1992). A *Batson* objection to a peremptory challenge is assessed using a three-step framework. *See Batson*, 476 U.S. at 93-100; *see also Kaczmarek v. State*,

120 Nev. 314, 332-35, 91 P.3d 16, 29-30 (2004). Those steps consist of (1) the opponent of the peremptory challenge making a prima facie showing that the challenge was based on race; (2) if the prima facie showing is made, the proponent presenting a race-neutral explanation for the peremptory challenge; and (3) the district court hearing argument and determining whether the opponent has proven purposeful discrimination. *Williams v. State*, 134 Nev. 687, 689, 429 P.3d 301, 305-06 (2018). This court "give[s] great deference to the district court's finding and will only reverse if the district court clearly erred." *Id.* at 688, 429 P.3d at 305.

Here, only the second and third steps in the *Batson* analysis are relevant because the parties agree that Valenti made a prima facie showing. The State met its burden at the second step, offering a race-neutral explanation for both challenges—prospective juror 422 did not appear to understand the proceedings and the prosecutors had to explain that she would not be serving as a juror for a murder trial after she expressed concerns about being emotional during a murder case; prospective juror 503 expressed a desire to change the system and her demeanor during voir dire implied bias against the State and law enforcement, e.g., she appeared upset about a prior experience with the police. *See id.*at 691, 429 P.3d at 307 (recognizing that the explanation for the peremptory challenge only needs to be race-neutral). At the third step, during a hearing outside the presence of the jury, the district court considered Valenti's arguments, including comparing the struck jurors to others that remained on the panel. But ultimately, the district court found that Valenti had not met his burden of proving purposeful discrimination by the State. *See McCarty v. State*, 132 Nev. 218, 226-27, 371 P.3d 1002, 1007-08 (2016) (discussing the considerations that may be relevant in determining whether the defendant

has proven purposeful discrimination). As to prospective juror 422, the district court agreed that her comments during voir dire were "troubling." And regarding prospective juror 503, although the district court believed the State read too much into her comment about changing the system, it credited the State's demeanor argument and agreed that she appeared upset about her prior encounter with law enforcement. Because the district court made clear findings supported by the record, we perceive no clear error in the denial of Valenti's *Batson* objections. *See Williams*, 134 Nev. at 693, 429 P.3d at 308 ("The outcome of a *Batson* challenge often turns upon the demeanor of the prosecutor exercising the strike, and the demeanor of the juror being struck—determinations that lie uniquely within the province of the district judge." (citing *Hernandez v. New York*, 500 U.S. 352, 365 (1991))).

*Plea negotiations*

Valenti next argues the district court improperly participated in his plea negotiations and failed to place that participation on the record. *See Cripps v. State*, 122 Nev. 764, 771, 137 P.3d 1187, 1191 (2006) (limiting judicial participation in plea negotiations to "indicat[ing] on the record whether the judge is inclined to follow a particular sentencing recommendation of the parties"). Here, after the parties placed the terms of a plea negotiation on the record, the district court conducted an unrecorded bench conference in which the district court expressed its disinclination to follow the sentencing recommendation. Thereafter, the parties proceeded to trial. At sentencing, Valenti recounted the unrecorded bench conference, stating "[t]he Court wasn't going to follow [the plea negotiations], [and] mentioned maybe try to do Drug Court." While the district court erred in not placing its disinclination to follow the negotiations on the record contemporaneously, the error was harmless as the later

discussion of the bench conference provides for adequate appellate review. *See Daniel v. State*, 119 Nev. 498, 508, 78 P.3d 890, 897 (2003) ("[A]n appellant must demonstrate that the subject matter of the missing portions of the record was so significant that the appellate court cannot meaningfully review an appellant's contentions of error and the prejudicial effect of any error."). Further, even assuming the district court's specialty court suggestion constitutes improper involvement in plea negotiations under *Cripps*, we conclude it was harmless because Valenti did not plead guilty.[3] *See id.* at 771, 137 P.3d at 1192 ("[T]he harmless error inquiry is whether the district court's [erroneous participation] may reasonably be viewed as having been a material factor affecting the defendant's decision to plead guilty." (internal quotation marks omitted)).

*Sentencing*

Finally, Valenti argues that the district court vindictively sentenced him by imposing a "trial tax." At sentencing, the district court heard from the State, Valenti, his counsel, and the victim. Before imposing sentence, the district court stated that "the Court doesn't punish people for exercising their right to go to trial." However, the district court went on to state that when defendants "plead guilty and save a victim from having to testify at a trial and putting them through that . . . they get credit for that." While the latter comment is concerning, the district court then noted that Valenti's extensive criminal history could have warranted habitual criminal treatment. Further, the district court described the significant impact that

---

[3]To the extent Valenti argues that the district court forced him to go to trial because he was not eligible for drug court, we conclude the argument lacks merit as a defendant has no right to a plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977).

SUPREME COURT
OF
NEVADA

(O) 1947A

7

Valenti's crimes had on the victim, noting that Valenti "wasn't thinking about how it might affect a person to steal a trailer with all their worldly belongings in it." Thus, the record shows that the district court sentenced Valenti based on the facts of the case, his criminal history, and the victim-impact statement. Consequently, Valenti has neither demonstrated that the district court acted vindictively nor abused its discretion at sentencing. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009) (reviewing a district court's sentencing decision for an abuse of discretion); *Mitchell v. State*, 114 Nev. 1417, 1428, 971 P.2d 813, 820 (1998) (reiterating that "a sentencing court may not punish a defendant for exercising his constitutional rights," and "[t]he defendant has the burden to provide evidence that the district court sentenced him vindictively"), *overruled on other grounds by Rosky v. State*, 121 Nev. 184, 190-91, 111 P.3d 690, 694 (2005). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Chief Judge, Eighth Judicial District Court
Department 19, Eighth Judicial District Court
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk